## Lyon *against* Allison.

In an action for a legacy brought against executors and a devisee of land charged with its payment, a report of arbitrators was made in favour of the executors, and against the devisee, from which one of the executors (the other dissenting) appealed, without the payment of the costs: *held*, that the appeal was rightly stricken off by the court of common pleas.

ERROR to the common pleas of *Erie* county.

This was an action for a legacy by *Robert Allison* and wife against *Thomas Greenwood* and *Jasper Lyon*, executors of *Thomas Lyon* deceased, and *Joseph Aikin*, terre tenant, with notice to *John Lyon*, the devisee. This declaration was filed:

" *Thomas Greenwood* and *Jasper Lyon*, late of said county, executors of the last will and testament of *Thomas Lyon* deceased, and *Joseph H. Aikin*, terre tenant of the land, were summoned to answer, with notice to *John Lyon*, the devisee of the land, *Robert Allison* and *Jane* his wife, in a plea of debt, whereupon they unlawfully detain, &c. And thereupon the said plaintiffs, by *John Riddle*, their attorney, complain: for that *Thomas Lyon*, late of the county of Erie aforesaid, heretofore, to wit on the 10th day of July, A. D. 1827, being seised in his demesne as of fee, of and in a certain tract of land, situate in the township of Harbour Creek, in the county aforesaid, lying on the Buffalo road, about nine miles east of the borough of Erie, and being the same on which his son *John* resided. And being so seised, he, the said *Thomas*, on the 10th day of July aforesaid, made his last will and testament, in writing, [since his death duly proved] and therein devised the one half of the aforesaid tract of land to his son, *John Lyon*, in fee simple; subject, however, among other things, to the payment to his daughter, *Jane Lyon*, the sum of 100 dollars, to be paid within two years of the decease of the said *Thomas Lyon*. That the said *John* accepted the land so devised to him, and took the possession of the same, and leased it to the present terre tenant, *Joseph H. Aikin*, who now holds the same by virtue thereof, &c. And the said *Jane Lyon*, after the death of the said *Thomas Lyon*, and before the commencement of this suit, intermarried with the aforesaid *Robert Allison*. And the said plaintiffs aver, that after the expiration of the aforesaid two years from the death of the said *Thomas Lyon*, and before the commencement of this suit, the aforesaid legacy of 100 dollars was demanded by the plaintiff, of the defendants, but the same has been neglected by them, to the damage of the said plaintiffs, &c."

At the instance of the plaintiffs, arbitrators were chosen; the cause was tried before them, and they made the following report. "Septem-

v

ber 10th, 1830, arbitrators report an award in favour of the plaintiff for the sum of 100 dollars, with interest from the 12th of September 1829, charged on the land in the declaration mentioned, as there set forth ; judgment to be entered on this award, so as to allow execution to go against the land only charged as aforesaid, and not the persons or other property of the defendants."

On the same day that the award was filed, *Jasper Lyon*, one of the executors, appealed from it, without oath or bail.

On the 29th of September, *Thomas Greenwood*, the other executor, dissented from the appeal.

At the next term, Mr *Riddle*, attorney for the plaintiffs, asked the court to quash the appeal, for these reasons :

1st. Because there is no affidavit or recognizance ; and because the costs are not paid.

2d. Because the appeal is entered by *Jasper Lyon*, who was not summoned ; and the other executor who was summoned dissents.

3d. If the appeal is good as to the executors, it is not good to the others who are the real parties in interest, and who cannot appeal without complying with the act of assembly as to costs, &c.

The court below quashed the appeal, and this writ of error was sued out to have the same reinstated.

*J. Banks*, for plaintiff in error.
*J. S. Riddle*, for defendant in error.

The opinion of the Court was delivered by

Huston, J.—It sometimes happens in our practice, that a man's name is used as a plaintiff who has no interest in the matter trying, is not liable for costs, and cannot release the action : as in the case of the obligor of a bond, which has been informally assigned ; his name is used as plaintiff for the use of him to whom it was transferred.

In this suit the executors are joined, that if there were debts of the testator which would require the assets of the estate to pay, they might make it known ; that if they should allege that the legacy was not a charge upon the land, they might have a decision on that subject ; and if that decision should be that the land is charged, and the legacy shall be levied down from it, the executors are discharged, and have no further interest in, or control over the cause. There was, then, no error in quashing this appeal. Every circumstance and fact prove that the appeal was not *bona fide* by the defendant as executor, but really for the purpose of delay, to benefit his brother, against whose land the judgment was. If this appeal be sustained, what is to be tried ? The court cannot try the interest of the devisee ; he has not appealed. The only matter that could be tried would be, whether there should be a judgment against the executors. They and the estate are now clear. When executors sever in pleading, the court will take that plea which is best for the estate ;

clearly it is not best for the estate that this burthen should be taken from the devisee of this land and put on the general estate.

Judgment affirmed.