GEORGE W. DAY, BOWEN MATLOCK, ISAAC H. FROTHINGHAM, AND GEORGE W. WARNER, APPELLANTS, *v.* WILLIAM A. WASHBURN AND JOHN A. KEITH.

Where a motion was made to dismiss an appeal, upon the ground that the appeal was taken by part only of the complainants below, and that the other complainants had not been made and were not parties to the appeal; and it appeared from the record that a fund had been decreed by the court below to be distributed ratably amongst two classes of creditors, one of which was composed of judgment creditors, and the other of those who had come in after the filing of a creditor's bill; and the first class only conceived themselves aggrieved by the decree admitting the others to a ratable proportion, and therefore became the appellants; this court will, in such a state of things, refuse the motion to dismiss and reverse this, together with all other points to be decided, when the case shall come up for argument hereafter.

THIS was an appeal from the Circuit Court of the United States for the district of Indiana.

A motion was made by Albert G. Porter, as *amicus curiæ,* to dismiss the appeal, because the appeal was taken by part only of the complainants below, and that the other complainants have not been made and are not parties to said appeal.

The authorities cited were the following:

A writ of error was brought by Mary Deneale and others, as plaintiffs. The court say, "who the others are cannot be known to the court, for their names are not given in the writ of error, as they ought to be. Mary Deneale alone cannot maintain a writ of error on this judgment, but all the parties must be joined, and their names set forth, in order that the court may proceed to give a proper judgment in the case."

Writ of error dismissed for irregularity.

Deneale v. Archer, 8 Peters, 526.

Smyth v. Strader, 12 How., 327.

The writ of error did not contain the names of the parties to the judgment set out in the record.

Cause dismissed.

"If a writ of error be brought in the names of several parties, and any one or more of them refuse to appear and assign errors, they must be summoned and severed, after which the writ of error may be proceeded in by the rest alone."

2 Tidd., 1135.

Mr. Justice WAYNE delivered the opinion of the court.

Albert G. Porter, Esquire, a counsellor of this court, and who was concerned as counsel in the court below for certain petitioners, claiming an interest in the matter in controversy adversely to the appellants, asked to be permitted, as *amicus curiæ*, to move for the dismissal of this appeal, alleging for cause that it had been irregularly brought to this court, in this particular, that the appeal had been taken only by a part of the complainants, and that such of them as had been omitted were not parties to the appeal.

The record discloses the following facts:

The appellants filed in the Circuit Court a bill to set aside, as fraudulent, a conveyance of property, and to subject it to the payment of their claims against William A. Washburn, and associated with him as a defendant John A. Keith, the grantee of the conveyance. The bill was separately answered by Washburn and Keith, and proceedings were had in the case, until at December term, in 1858, the issue was made up, upon bill, answer, replication, and exhibits. At that term of

the court, December 21, 1858, a number of persons, claiming also to be creditors of Washburn, filed a petition by their counsel, Hall, McDonald, and Porter, praying to be made parties to the bill, as complainants, and to be permitted to share in such distribution as might be made out of the property charged to have been fraudulently conveyed by Washburn to Keith, in the event of the courts decreeing that it had been so done, and that it was liable for the payment of Washburn's creditors. The court directed these petitioners to be made parties to the bill of the appellants, as complainants, and under that order the decree now appealed from was made.

But before the decree was rendered, the cause was referred to a master, to report the sums due to the creditors, as they were then appearing to be so in the original bill and other proceedings of the cause. It was done. Subsequently a decree was rendered, declaring Washburn's conveyance to Keith void and fraudulent. In consequence of it, a large sum was made out of the property and deposited in court for distribution. And the court decreed that it should be ratably distributed between the appellants and those other creditors of Washburn who by its orders had been made parties to the original bill. It is from this decree that the appellants have brought the case to this court. They had insisted, before the court rendered its decree, that, being the original complainants, they were entitled to have their claims paid in full, and that the remainder of the fund might then be distributed, in the discretion of the court, pro rata, amongst the other creditors of Washburn. But the court overruled the motion, and ordered the money to be paid ratably to the creditors. It is from this decision and decree that this appeal has been brought, so as to have it decided, whether, in the particular just mentioned, it is not erroneous.

It also appears that the appellants were judgment creditors of Washburn when they filed their bill to set aside his deed to Keith, and that the other creditors, who have been made participants in the fund to be distributed, are not so. And we gather from the proceedings in the cause, that their application to be made parties to the original bill was with the view

to defeat the appellants of any legal or equitable priority which they may have acquired for the payment of their claims over the other creditors, either from their being judgment creditors, or from their vigilance in first filing a bill to set aside the conveyance from Washburn to Keith. We do not mean now to decide those points upon this motion, nor any other point connected with the merits of this controversy. All such points will claim the attention of the court upon the argument of the case hereafter. The record also suggests an inquiry, whether those persons who were made parties to the original bill, and who have become by the decree of the court participants in the fund to be distributed, were necessary parties to the bill, or were allowably so, in their then attitude in respect to their claims against Washburn. And in no other way can the question of right between themselves and these appellants in the fund be reached; for the former, having accomplished their purpose, for which they were made parties, are neither willing to appeal from the decree nor to be considered as parties to this appeal.

The record, indeed, suggests many points connected with the real merits of the controversy, and others in respect to proper pleadings in equity, which cannot be considered and determined upon a motion to dismiss the appeal summarily for any irregularities in the process by which it has been brought to this court. We therefore refuse the motion for the dismissal of the appeal, allowing it, however, to be brought to the notice of the court again, when the case shall be argued upon its merits.

This course has often been taken by this court upon a motion to dismiss a case, for irregularities in the appeal or writ of error, similarly circumstanced as this is.