## EDSON F. HANNUM & another, administrators, *vs.* SAMUEL DAY & another.

To obtain a license, on petition under the Gen. Sts. *c.* 102, §§ 1–3, to sell land of a deceased person to pay his debts, if there are two or more executors or administrators, all must join in the petition; and a license granted to one of them on his sole petition is invalid, and will not enable them or him to maintain a writ of entry to recover the land under §§ 12, 13. WELLS, J., dissenting.

WRIT OF ENTRY brought February 11, 1869, under the Gen. Sts. *c.* 102, §§ 12, 13,* against Samuel Day and Joseph S. Kings-

---

* "SECTION 12. An executor or administrator, licensed to sell lands fraudulently conveyed by the deceased, or fraudulently held by another person for

ley, by the administrators of the estate of Waitstill S. Pomeroy, to recover a parcel of land in Northampton. The case was tried in the superior court, before *Dewey*, J., who, with consent of the parties, reported it before verdict, for the determination of this court on facts which appear in the opinion.

*C. Delano*, for the demandants.

*S. T. Spaulding*, (*W. Allen* with him,) for the tenants.

MORTON, J. This is a writ of entry brought under the provisions of Gen. Sts. *c.* 102, §§ 12, 13. In an action of this nature the demandants do not claim upon the ground of any title in themselves. They can maintain it only by virtue of the power conferred on them by the law, and must show that they have pursued the directions of the statutes. If they were not legally licensed to sell land of their intestate for the payment of his debts, they cannot maintain this action. *Verry* v. *McClellan*, 6 Gray, 535.

It appears that both the demandants, Edson F. Hannum and Almira B. Pomeroy, were duly appointed and qualified as administrators, but that the petition for leave to sell real estate for the payment of debts was signed by Hannum alone, and the license to sell ran to him alone. The question is thus raised, whether a judge of probate, in cases where there are two or more executors or administrators, has the power to license one of them to sell land for the payment of debts, upon his sole petition. This question depends entirely upon the construction of the existing statutes, and not upon any considerations of policy.

The first section of chapter 102 of the General Statutes provides that, "when the personal estate of a deceased person is insufficient to pay his debts with the charges of administration, his executor or administrator may sell his real estate for that purpose, upon obtaining a license therefor and proceeding as herein

---

him, or to which he had a right of entry or of action, or a right to a conveyance, may first obtain possession thereof by entry or by action, and may sell the same at any time within one year after so obtaining possession.

"SECTION 13. He may make a formal entry upon the premises and bring the action on his own seisin acquired by such entry, demanding the land as executor or administrator."

provided." The third section provides that, "to obtain such license, the executor or administrator shall present to the court a petition setting forth the amount of debts due."

In many of the provisions of our statutes defining and regulating the powers and duties of executors and administrators, the term "executor or administrator," in the singular number, is used when it is clear that it is intended to be used collectively, to designate all the persons appointed to administer · the estate. In cases where two or more persons are qualified as executors or administrators, their powers and duties are joint. It is true that in some matters, as in the collection and payment of debts, and the disposition of personal property, one executor may act, but his acts are deemed to be the acts of all. Generally they must act jointly. A majority of the court is of opinion that all the executors or administrators should join in a petition for a license to sell real estate for the payment of debts. The expressions, "his executor or administrator," in the first section, and "the executor or administrator," in the third section, are used collectively to designate all the executors or administrators, when there are several. In the construction of our statutes, "words importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular." Gen. Sts. *c.* 3, § 7. We think the intention of the legislature was, in this important duty, as in the other duties in settling the estate, to require the joint action, judgment and responsibility of all the executors or administrators.

We are therefore of opinion that the license granted to Hannum upon his sole petition was invalid. It follows that the demandants cannot maintain this action, and that no amendment would enable them, or either of them, to do so. This view renders it unnecessary to give a construction to the deed under which both parties claim; and as that question may hereafter arise between other parties who have had no opportunity to be heard, we express no opinion upon it.

WELLS, J   I do not concur in the opinion of the majority of the court.

This action is based upon the provisions of Gen. Sts. *c.* 102, § 12. It cannot be maintained in behalf of both demandants, because only one of them has been licensed to sell the land sued for. But the name of the other may be stricken out by amend· ment, and the action prosecuted by one alone, if the license, granted to one only of two administrators, is valid.

The tenants contend that the statute does not authorize such a license ; and therefore that the decree of the probate court grant- ing it is void.

Section 1 of the chapter referred to provides that "when the personal estate of a deceased person is insufficient to pay his debts, with the charges of administration, his executor or admin- istrator may sell his real estate for that purpose, upon obtaining a license therefor and proceeding as herein provided." Section 3 provides that, "to obtain such license, the executor or adminis- trator shall present to the court a petition," &c. If this were a power thus defined or conferred, to be exercised directly under the statute by the executor or administrator, by virtue of his office merely, the argument would be strong that it must be exercised jointly by all who are charged with the functions of that office. But such is not the case.

An administrator has no interest in, and nothing whatever to do with the real estate, as real estate. In behalf of creditors, or to repay his own excess of payments and expenses, he may apply to a court of competent jurisdiction, and, upon establishing the requisite grounds for its action, may obtain its warrant for levying upon the real estate the deficiency shown to exist in the personal assets. When he proceeds to sell, he acts under that warrant, and not by virtue of any authority or right as administrator. All his powers are derived from it, and all his duties in regard to the sale are determined by it. *Litchfield* v. *Cudworth,* 15 Pick. 23. In this respect, an executor, who, having no power to sell con· ferred upon him by the will, is obliged to resort to the court for its license, stands upon the same footing.

As already suggested, the purpose of the statute is not to con- fer a power upon the administrator, or define the conditions of the exercise of a power with which he is intrusted, but to give juris-

diction to the court from which such a power may be derived. The jurisdiction and the conditions of its exercise are the same, whether the application be made to the supreme judicial, the superior or the probate court. It should be measured by the purpose for which it is given, and the end to be attained; not narrowed by a strict construction, in matters affecting only the mode of proceeding.

The rules applied to powers of sale given in a will do not therefore apply to these statute provisions. The statutes permit, but do not require, more than one administrator. Whether more than one shall be appointed for the general administration of the estate is a matter controlled by the discretion of the same court from which the license to sell real estate is ordinarily obtained.

There is nothing in the nature of this proceeding which makes the joinder of the administrators, either in the petition or in the license, essential. The sale of real estate is not left to the discretion of the administrators. It is not a matter of discretion, but of necessity. Unless there is a deficiency of assets, not provided against under § 9, there is no right to proceed against the real estate. If there is such a deficiency, it is not only the right, but the duty of the administrator so to proceed. But the deficiency, and the necessity and right to sell real estate, must first be established before the court from which the license is to issue. Notice and opportunity to be heard are given to all parties interested in the estate. The whole inventory of personal estate must be accounted for, or shown to be insufficient. If there are other assets in the hands of another administrator, that fact can be made to appear or be suggested to the court. The propriety of granting the license to one of several administrators, or of any decree upon a petition in which both do not join, is open to the objection of parties and the consideration of the court; and the other administrators may be summoned in, if the case renders it proper.

The court granting the license may also direct what specific part of the land shall be sold. § 3. The executor or administrator can exercise but little discretion in regard to the mode of sale. He can sell only at auction, after having given public notice of the time and place of sale. §§ 15–17.

It is true that, in case of a sale for payment of debts only, **no** additional bond is required to be given. The general bond is held to be sufficient, and by its prescribed terms is adapted to cover the duty of accounting for the proceeds of such sales. But that is for the reason that the money so received, or which ought to have been received, is assets for the payment of debts. The law has converted the real estate into personalty. It does not differ from the case of money paid to the administrator by the heir, or other party interested, to save the land from being sold. *Fay* v. *Taylor*, 2 Gray, 154. But whenever more than is necessary for payment of debts is to be sold, an additional bond is required. § 6. This is not because of the increased amount of responsibility incurred. A new bond may always be required, if the original bond appear at any time to be inadequate. *c.* 101, § 15. The additional bond, required to be given upon sale of land, does not answer for security of any of the obligations of the administrator which rest upon him by reason of his general trust. *Baylies* v. *Chace*, 1 Pick. 230. *Fay* v. *Taylor*, 11 Met. 529. In executing the license to sell real estate, he is acting in another capacity, the duties and responsibilities of which are entirely distinct from those which arise from letters testamentary or of administration.

It may be said that, as the co-administrator is equally interested in the proceeds of sale, so far as made for payment of debts, and equally responsible for their application to that purpose, he ought to be joined in any proceedings for the conversion of land into personal assets. But this consideration reaches no farther than to the manual possession, the final act of receiving the money paid for the land sold. Such separate receipt and possession by one of several administrators may occur in respect of any part of the personal assets. It cannot well be avoided. As soon as received, it is under the control of all the joint administrators, as fully as any portion of the personal estate.

There may be reasons of propriety, expediency or convenience for or against the granting of a license to one of several administrators. It is to be presumed that these will all be considered by the court in which the application is heard. The question now

to be determined is not as to the propriety of such a proceeding generally, but as to the power of the court to adopt it in any case.

The probate court is authorized to take separate bonds from each of several executors or administrators. *c.* 101, § 14. It may remove one of them upon proper grounds, leaving the other to proceed alone. § 2. There may be circumstances which would make it expedient, if not necessary, that the power should exist, and be exercised, to grant to one of several executors or administrators a license to sell lands, without first proceeding to remove the others, or even where there is no sufficient ground for such removal. Only a strict construction of the statutes would exclude the court from the possession of such a power.

The St. of 1864, *c.* 137, provides that no sale of real estate made by an executor or administrator by license of court, and no title under the same, shall be avoided on account of any irregularity in the proceedings, if it appears that the license was granted by a court of competent jurisdiction, and the executor or administrator proceeded properly in the execution of the license. Similar provisions are contained in the Gen. Sts. *c.* 102, §§ 47, 48, and Rev. Sts. *c.* 71, §§ 38, 40. These statutes indicate that a license to sell real estate is not to be held void by reason of anything which affects only the mode of proceeding. The jurisdiction of the court cannot depend upon the question whether the petition is signed by or made in behalf of all those who are joined in the general administration of the estate. Even if it be an irregularity, the heir or other party claiming the land is precluded from going behind the formal decree and license of the court.

*Judgment for the tenants.*