JOHN P. HUTCHINSON, appellant,

*v.*

REBECCA S. NEWBOLD and ALBERT W. NEWBOLD, respondents.

Where there are two or more executors of a will, all of them should join in an application to have the estate declared insolvent, and the court should not take favorable action upon an application of that character, when made by one of several executors, unless sufficient reason therefor shall be alleged in the application and established to the court's satisfaction.

On appeal from the orphans court of Burlington county.

*Mr. Philip S. Scovel,* for the appellant.

*Mr. Charles E. Merritt,* for the respondents.

THE ORDINARY.

The will of Michael E. Newbold was admitted to probate by the surrogate of Burlington county on May 2d, 1887, and letters testamentary were thereupon issued to Rebecca S. Newbold, Albert W. Newbold and John P. Hutchinson, the executrix and executors named in the will. An order was then made, under the fifty-ninth section of the Orphans Court act (*Rev. p. 764*), to limit the time within which claims of creditors should be presented to the executors for payment. The three executors joined in giving the notice required by the order of the surrogate. In November, 1887, John P. Hutchinson alone, but in the name of all three of the executors, made application to the orphans court of Burlington county, under section 91 of the Orphans Court act (*Rev. p. 772*), to have the estate declared insolvent, and that court, by its order, fixed Tuesday, the 20th day of March, 1888, as the day upon which the executors should make and present to the court their report of the claims of creditors,

and their inventory of the assets of the estate, and when the application would be considered, and directed that the applying executor should give due notice of his intention to make the report and application. Hutchinson thereupon gave notice that the report and inventory would be presented to the orphans court on the day thus designated, and that the executors would then apply to have the estate declared insolvent. Upon the 20th of March Mr. Hutchinson presented to the court an inventory of the assets of the estate so far as they were known to him, made and sworn to by himself alone, and also a report of the claims against the estate which had been filed with him, and thereupon the executrix, Rebecca S. Newbold, and the other executor, Albert W. Newbold, moved to dismiss the application, because it had been made by only one of the executors. In reply to this motion, Hutchinson requested the court to allow him to show why all three of the executors had not joined in the application. The request was denied, and the motion to dismiss the application was granted. From the order embracing this double action of the court, this appeal is taken.

The proceedings by which the estate of a decedent may be declared to be insolvent is pointed out in the eighty-second and ninety-first sections of the Orphans Court act. The first of these sections prescribes the procedure where no order to limit the presentation of creditors' claims has been made under the fifty-ninth section of the act, and the ninety-first section applies where such an order has been previously obtained. As to the application to have an estate declared insolvent, the language of the eighty-second section is, " when any executor or administrator shall by application in writing represent to the orphans court of the proper county on oath " &c., and the language of the ninety-first section is :

"If an order to limit creditors under the fifty-ninth section of this act shall be obtained by the executor or administrator, and at the time of obtaining such order, or at any time thereafter, such executor or administrator shall by application in writing" &c.

Neither of these sections seems to contemplate a plurality of executors, but, by force of the ninth section of the act

relating to statutes (*Rev. p. 1121*), their language, though im-
porting the singular number, will apply to and include several
executors as well as one, because there is nothing in those sec-
tions repugnant to such a construction. But where there are
several executors must this language be held to include them all
and require their joint action? In *Personette* v. *Johnson, 13
Stew. Eq. 173, 175,* this question was presented to the ordinary
under the seventy-fourth section of the Orphans Court act (*Rev.
p. 767*), which treats of the application by an executor for an
order to sell lands for the payment of debts. The language of
that section is:

"When any executor or administrator shall discover or believe that the
personal estate of his testator or intestate is insufficient to pay his debts, it shall
be his duty to exhibit under oath a true account" &c.

The ordinary (Runyon), in the case referred to, said: "Where
there are several executors or administrators, it is, as a general
rule, proper, if not necessary, that they all join in the application
to sell land under the statute to pay debts. It has been held so in
other states under statutes similar to ours. *Fitch* v. *Witbeck, 2
Barb. Ch. 161; Hannum* v. *Day, 105 Mass. 33. Wortman* v.
*Skinner, 1 Beas. 358,* is not authority to the contrary. It was
there said that the orphans court may order one of several ad-
ministrators to sell lands to pay debts; but both administrators
in that case joined in the petition for the order, and the order
directed both of them to sell. The matter now under considera-
tion was not decided in that case. If the application is not made
by the whole number of executors or administrators, where there
are several, it should appear on the record why those who do not
apply, do not join in the application." The language thus con-
strued is very similar to the language of the eighty-second and
ninety-first sections of the same statute. All those sections con-
template procedures for the benefit of creditors, to which exec-
utors in certain emergencies are bound to resort. If the per-
sonal estate shall not be sufficient to pay the debts, it is the
executors' duty to resort to the procedure contemplated by sec-
tion seventy-four, and, if both the personal and real estate shall

appear to be insufficient to pay the debts, the executors may resort either to the procedure contemplated by section eighty-two or to that contemplated by section ninety-one, as their situation with respect to previous proceedings may require, to secure the *pro rata* distribution which the eighty-first section of the Orphans Court act requires. *Rev. p. 770.*

The personal liability to which any one of the executors may be subjected, through failure to resort to insolvency proceedings, necessitates a construction of the statute that will enable a single executor to institute proceedings to have the estate adjudged to be insolvent, in case his co-executors should refuse to join in such application to the court. But the manifest propriety of unity of action on the part of the executors, and the apparent evils that may flow from diversity and independence in their workings, require that the record shall show a sufficient reason why a single executor institutes the proceeding. The excuse should be set forth in the application and established by proof to the satisfaction of the court, before the court should take favorable action upon the application. This I understand to be the salutary rule laid down in *Personette* v. *Johnson,* and I see no reason why it should be departed from. In this case the applying executor presented an application in the name of all the executors, but signed by himself alone. His co-executors appeared and disclaimed any part in it, and asked that the proceedings, inaugurated by it, be dismissed. The appellant did not then move to amend the application, and he does not appear to have stated any matter which might have been incorporated in the record as a sufficient reason why the proceedings should be continued upon his application alone.

I will affirm the order of the orphans court, but without costs.