BENJAMIN C. FRENCH *vs.* W. SCOTT PETERS, administrator,
& others.

Essex. November 22, 1900. — February 26, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

The fact that a party to a suit has filed no exceptions to a master's report is not a
ground for dismissing his appeal from a final decree confirming such report, and
upon such appeal the question is open to him whether the decree is justified on
the facts as found by the master.

An appeal by one of two co-administrators from a decree against the estate will
not be dismissed on the ground that the co-administrator did not join in the ap-
peal, where a severance in pleading appears on the record.

An assignee of a chose in action, whose right is denied by the administrator of his
assignor and by the person from whom he must collect the claim assigned, has a
remedy in equity.

BILL IN EQUITY, filed June 12, 1895, against W. Scott Peters,
administrator of the estate of Franklin Peaslee, Harriet C. Patch
and the Second National Bank of Haverhill, alleging that on
the first day of May, 1893, Franklin Peaslee above named, in
consideration of existing indebtedness from him to the plaintiff
for board and care and of an undertaking by the plaintiff to take
care of and provide for him during the remainder of his life in
the family of the plaintiff and to provide suitable burial at his
decease, agreed to give to the plaintiff all the property of which
he was possessed, particularly a deposit in the said Second Na-
tional Bank amounting to $300 and a promissory note to the
said Franklin Peaslee from said Harriet C. Patch, and that said
Peaslee delivered the deposit book representing said deposit and
the said note to a third person to hold for the plaintiff. The
bill further alleged that the plaintiff had fully performed his
said agreement with the said Peaslee, who died soon after it
was made, and prayed that the said W. Scott Peters, adminis-
trator, might be ordered to assign to the plaintiff said deposit
and note and all other property of said Peaslee and the said
Second National Bank to pay to the plaintiff the amount of said
deposit and the said Harriet C. Patch to pay to the plaintiff the
amount of said note with interest thereon.

The case was referred to a master, who reported in favor of the plaintiff. No exceptions were taken to his report except by the defendant Peters and these were not insisted on.

During the hearings before the master the death of the said Harriet C. Patch was suggested, and on the closing day of the hearings counsel appeared for the administrator of her estate.

The master found that the note of Harriet C. Patch was a valid and subsisting obligation against her estate.

At the hearing in the Superior Court upon the master's report, *Fessenden*, J. entered the following decree : " That the master's report be confirmed and that the defendant, W. Scott Peters, administrator of the estate of Franklin Peaslee, assign the note of Harriet C. Patch and the deposit in the Second National Bank, named in said bill of complaint, to the plaintiff Benjamin C. French, and transfer to the said French all other property in his possession or control belonging to the estate of the said Peaslee ; that the said Second National Bank pay the amount of said deposit to the said Benjamin C. French and that the defendants, Arthur D. Patch and George W. Whitten, administrators of the estate of the defendant, Harriet C. Patch, pay to the said French the amount of said note with interest to the day of payment."

From this decree George D. Whitten, one of the above named administrators of the estate of Harriet D. Patch, appealed, having previously made a motion to vacate the decree. Arthur D. Patch, the other administrator of the estate of Harriet C. Patch, filed a paper signed by him called " Objections to prosecution of appeal," in which he stated that he " was and still is co-administrator with said George D. Whitten of the estate of said Harriet C. Patch and said appeal was taken without the knowledge or consent of this defendant, and he further objects to the further prosecution of said appeal."

The plaintiff moved that the appeal of George D. Whitten be dismissed for the following reasons : " 1st. Because said appellant has no right to appeal from the decree entered in the Superior Court in said cause. 2d. Because said appellant did not file any objections or exceptions to the master's report in said cause in the Superior Court as required by the rules of the Superior Court. 3d. Because it appears from the records in

said cause that one Arthur D. Patch was co-administrator of the estate of said Harriet C. Patch with the appellant at the time when the decree appealed from was entered in the Superior Court; that said Arthur D. Patch is still co-administrator of the estate of said Harriet C. Patch with the appellant; that said Arthur D. Patch has not authorized or joined in the appeal taken by the appellant."

*W. H. Baker*, for the defendants.

*I. A. Abbott & F. H. Pearl*, for the plaintiff.

BARKER, J. This suit in equity was begun on June 12, 1895, by a writ in which Harriet C. Patch was joined as defendant with Peters, administrator of the estate of Peaslee, and with the Second National Bank of Haverhill. The relief sought was in substance to compel the payment to the plaintiff of a non-negotiable promissory note given by the defendant Patch to the intestate Peaslee in 1889, and also of a deposit of his in the defendant bank, both the note and the deposit book having been delivered to the plaintiff by Peaslee in his lifetime in consideration of services rendered to him and in pursuance of a contract made by him. The suit was brought in equity because both the note and the deposit were transferred to the plaintiff by one act of Peaslee and the plaintiff's right was denied by Peaslee's administrator as well as by the defendant Patch and by the bank.

General appearances were entered by different counsel for each of the defendants. The defendants Peters and Patch filed separate answers, the defendant bank filing none. The cause was sent to a special master to hear the parties and their evidence, and witnesses, examine their vouchers, find the facts, and report the same to the court, with such portions of the evidence as either party might request. During the hearings before the master the death of the defendant Harriet C. Patch occurred and was suggested, and the master finds that on the closing day of the proceedings before him one of the counsel who had filed her answer appeared at the hearing before the master and represented her estate as counsel for the administrator. No formal appearance was filed, nor was any entered on the docket of the court, for the administrators of Patch or for either one of them. While the proceedings before the master were going on Arthur D. Patch and George D. Whitten were

appointed administrators of her estate, and were such adminis-
trators when the counsel who had filed her answer appeared at ·
the hearing before the master and represented her estate as
counsel for her administrator.

The master found and reported that the deposit and the note
were the property of the plaintiff, that the note was a valid and
subsisting obligation against the estate of Harriet C. Patch,
that the complainant was entitled to a decree that the defend-
ant Peters as administrator of Peaslee's estate should assign
the deposit and the note to the plaintiff, and that the bank
should pay to the plaintiff the amount of the deposit, and that
Harriet C. Patch should pay to the plaintiff the amount of the
note.

The defendant Peters alone filed objections and exceptions to
the master's report.   These exceptions not being insisted upon
the master's report was confirmed by the court and a decree
entered in favor of the plaintiff, which decree among other
things not now material required Peters as administrator of the
estate of Peaslee to assign the note of Patch to the plaintiff and
required "the defendants, Arthur D. Patch and George W.
Whitten, administrators of the estate of the defendant, Harriet
C. Patch" to pay to the plaintiff the amount of that note and
interest.   ·

The decree was entered on March 9, 1900.   On March 13,
1900, Whitten as administrator of Patch moved the court to
vacate the decree.   On April 6, 1900, he filed in the cause, in
his own name as administrator and without mention of Patch
his co-administrator, an appeal to this court from the decree of
March 9, 1900.   On May 10, 1900, Arthur D. Patch as one of
the administrators of Harriet C. Patch filed his written objec-
tion to the further prosecution of the appeal of Whitten, alleg-
ing that he was a co-administrator with Whitten and that the
appeal was taken without Patch's knowledge or consent.   On
the same day the plaintiff moved that Whitten's appeal be dis-
missed because he had no right to appeal, because he did not
file objections or exceptions to the master's report, and because
Arthur D. Patch was co-administrator with Whitten and did
not join in or authorize the appeal.

The right of appeal to the full court is given by our statutes to

" any party aggrieved." Pub. Sts. c. 151, § 13.  St. 1883, c. 223, § 2.  The fact that such a party has filed no exceptions to the master's report, while it may preclude him from raising certain questions in the appellate court, is not a reason for dismissing his appeal from a final decree.  Upon such an appeal the question is open to him whether upon the facts found by the master the decree is justified by the bill and the record.

It is said to be the general rule that the appeal of a party aggrieved may be dismissed because other parties with whom he is joined as defendant have not appealed also. *Owings* v. *Kincannon*, 7 Pet. 399.  *Lovejoy* v. *Irelan*, 17 Md. 525.  *Masterson* v. *Herndon*, 10 Wall. 416.  Seè also *Clifton* v. *Sheldon*, 23 How. 481, and 2 Encyc. of Pl. & Pr. 182 *et seq.*  But it is otherwise when the co-defendants have separate interests.  *Todd* v. *Daniel*, 16 Pet. 521.  *Brewster* v. *Wakefield*, 22 How. 118. *Day* v. *Washburn*, 23 How. 309.  Under our own practice, from a very early time, independent parties joined in an action have had the right without joining their co-defendants to have reversed so much of an erroneous judgment as affected themselves. *Whiting* v. *Cochran*, 9 Mass. 532.  *Shirley* v. *Lunenburg*, 11 Mass. 379, 384.  The plaintiff in the present case does not contend that Whitten's appeal must be dismissed because the bank and Peaslee's administrator have not joined in the appeal.  The only ground of dismissal urged is the non-joinder of Patch who is Whitten's co-administrator.

The doctrine of the common law is that a suit in favor of the estate of a person deceased must be brought in the name of all living executors or administrators, and that if either of them is unwilling to have the suit prosecuted in his name, the one who has instituted it may, upon a summons, have a judgment of severance and continue the suit in his own name alone. *Hensloe's case*, 9 Co. 36 *b*.  *Brookes* v. *Straod*, 1 Salk. 3.  Com. Dig. Abatement, E. 13; Pleader, 2 D. 1, 3, 10.  But when executors or administrators are joined as defendants they may plead different pleas and that plea which is most for the advantage of the testator or the intestate shall be received. *Elwell* v. *Quash*, 1 Stra. 20, citing *Baldwin* v. *Church*, 10 Mod. 323. *Foster* v. *Jackson*, Hob. 52 *a*, 61.  *App* v. *Dreisbach*, 2 Rawle, 287, 301.  *Geddis* v. *Irvine*, 5 Penn. St. 508, 512.

In *Lyon* v. *Allison*, 1 Watts, 161, the appeal of one of two co-administrators, his associate dissenting from the appeal, was quashed. The appellant had given no recognizance or bail as required by statute. The judgment appealed from relieved the estate and the administrators from all liability. The court in holding that the appeal was rightly quashed say that when executors sever in pleading the court will take that plea which is better for the estate and that it clearly was best for the estate to have the judgment stand.

When Harriet C. Patch the original defendant died her estate as such was not a party to the suit. When counsel representing that estate took part in the hearing of the cause before the master as counsel for the administrator, this taking part in the proceedings was enough to make both administrators of the estate parties defendant to the suit. Each administrator has since recognized that he was such a party, Whitten by moving to vacate the decree and by appealing from it, and Patch by moving that Whitten's appeal be dismissed. The appeal of one administrator and the attempt of the other to have the appeal dismissed was in effect a severance in pleading, that is, in the conduct of the defence, by co-administrators defendants in the same suit, and so allowable under the doctrine stated, unless as in *Lyon* v. *Allison* it is apparent that it is better for the estate to have the decree stand. But in the present case the decree is against the estate while in *Lyon* v. *Allison* the decree freed the estate from all liability. Besides this the present decree orders both of the co-administrators by name to pay the plaintiff the amount of the note and interest, thus imposing upon the appellant Whitten personally a liability to be proceeded against for contempt if he does not comply with the decree. We are therefore of opinion that the motion to dismiss the appeal should be overruled.

Coming to the questions open upon the appeal we find no reason why the decree should be reversed. Whether the facts reported by the master were found by him properly upon the evidence is not open to the appellant because he has neither objected nor excepted to the report. The objection that the plaintiff had a plain, adequate and complete remedy at law was not taken by the appellant's intestate by demurrer and she did

not appeal from the order of the court refusing her leave to file a late demurrer on that ground. Besides this there is no merit in the contention as the plaintiff's case was that of an assignee of choses in action whose right was disputed both by the administrator of his assignor and by the persons of whom he must collect the choses assigned.

The appeal seems to have been intended for delay and is frivolous, and the decree should be affirmed with double costs from the time when it was taken.

*So ordered.*