ISAAC F. PAUL *vs.* FRANK P. COSTELLO.

Suffolk.   December 6, 1900. — February 26, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

One of two assignees in insolvency may appeal under Pub. Sts. c. 157, § 91, when the refusal of his co-assignee to join in the appeal appears of record.

PETITION IN INSOLVENCY, filed January 30, 1896.

The Court of Insolvency appointed William H. Preble and Isaac F. Paul co-assignees of the respondent. After meetings of creditors, a discharge was granted to the respondent and from the order granting the discharge an appeal to the Superior Court was taken by Isaac F. Paul, one of the assignees, the other assignee refusing to join therein.

At the hearing in the Superior Court, before *Bell,* J., the appellee requested the judge to rule that the court had no juris-

diction of the appeal, for the reason that it was not taken by both of the assignees. The judge so ruled ; and the appellant alleged exceptions.

*C. R. Morse*, for the appellant.

*F. B. Hemenway*, for the appellee.

HOLMES, C. J. When there are more assignees of an insolvent estate than one, ordinarily, and in the absence of special reason to the contrary, they all must join in an appeal under Pub. Sts. c. 157, § 91, like executors or others who collectively represent a single party. On the other hand it has been decided in *French* v. *Peters*, *ante*, 568, that when there is a conflict one executor may sever, as he always might, and it is implied that this may be accomplished with less formality than by the ancient proceeding of summons and severance. See also *Masterson* v. *Herndon*, 10 Wall. 416. There is equal reason for applying the same doctrine to assignees in insolvency, especially in a case like the present, where by § 91 the time for appealing is limited to ten days, and therefore the remedy of applying to have the assignee removed for improper refusal to join in an appeal is inadequate.

Our doubt as to the practical disposition of the case is raised by our uncertainty as to whether the refusal of the other assignee to join in the appeal sufficiently appears of record. *Masterson* v. *Herndon*, 10 Wall. 416, 418. If we were to apply the rules against an excepting party in all their strictness we should be obliged to overrule the exceptions on this ground, but as the law on this subject has been uncertain, and as it would seem that the ruling of the Superior Court went on the broad ground that one assignee could not appeal under any circumstances, we think it safe to sustain the exceptions without prejudice to the question which we have mentioned. If the dissent of the other assignee has not been sufficiently established, it may be that the Superior Court will allow the appellant time to establish it.

*Exceptions sustained.*