EDMUND H. TALBOT, special administrator, *vs.* THEODA
FOSTER BUSH.

Essex.    October 24, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Executor and Administrator,* Special administration, Complaint for em-
bezzlement.

A special administrator is a person "interested in the estate" within the
meaning of G. L. c. 215, § 44.
One of two persons appointed special administrators may, without joining
his coadministrator, prosecute a complaint under G. L. c. 215, § 44,
even if his coadministrator is counsel for the respondent, who is charged
with receiving, concealing and conveying away certain property belong-
ing to the estate.

COMPLAINT, filed in the Probate Court for the county of
Essex on January 18, 1924, under G. L. c. 215, § 44, by one
of two special administrators of the estate of John Standish
Foster Bush, praying that the respondent be cited to appear
before the court to be examined with relation to alleged
fraudulent receiving, concealing and conveying away by her
of certain articles of personal property of the decedent.

The respondent filed a motion to dismiss quoted in the
opinion.    The motion was heard by *Dow,* J., and was denied.
The respondent appealed.

The case was submitted on briefs.

*R. Baldwin,* for the respondent.

*E. H. Talbot, L. Withington & E. C. Park,* for the com-
plainant.

CROSBY, J.    On November 27, 1922, Edmund H. Talbot
and Edward J. Colman were appointed special administra-
tors of the estate of John Standish Foster Bush by the Probate
Court for the county of Essex.    On a complaint dated Janu-
ary 17, 1924, filed by Mr. Talbot as such special adminis-
trator, under G. L. c. 215, § 44, the complainant was ordered
by the Probate Court to cite the respondent to appear on
February 11, 1924, and be examined on oath upon the matter

of the complaint; she appeared as ordered and filed a motion to dismiss the complaint on the following grounds:

" 1. That the petitioner is not a party interested in the Estate of J. Foster Bush.

" 2. That it appears of record in this Honorable Court that Edward J. Colman and Edmund H. Talbot were duly appointed special administrators of said estate and that said appointment is still in full force and effect.

" 3. That the interest, if any, of said special administrators in said estate is joint and entire and incapable of being severed."

The motion was denied and the case is before us on an appeal from the order of the court denying the motion. The judge of probate filed a report of findings of fact in response to a request made by the respondent therefor.

Two questions are raised by the appeal: (1) Is the special administrator a person " interested in the estate " within the meaning of G. L. c. 215, § 44; and (2) Upon the facts found, is the complainant entitled to maintain the complaint without making the other special administrator a party complainant?

The duties of a special administrator are defined by G. L. c. 193, § 11, which in part is as follows: " A special administrator shall collect all the personal property of the deceased and preserve the same for the executor or administrator when appointed, and for that purpose may commence, maintain and defend suits." *Meagher* v. *Kimball*, 220 Mass. 32. *Purcell* v. *Purcell*, 233 Mass. 62. As the duty rests upon a special administrator under the statute to collect the personal property of the deceased and preserve the same for the executor or administrator when appointed, it cannot be doubted that he is a person " interested in the estate " within the meaning of G. L. c. 215, § 44. It is obvious that to file a complaint in the Probate Court is an appropriate means of discovering and obtaining possession of such portions of the estate as may have been fraudulently received, concealed or embezzled.

We are of opinion that one of two special administrators is entitled to file a complaint under the statute. Although

it has been held that where there are two or more executors or administrators, the Probate Court is without power to license one of them to sell land for the payment of debts upon his sole petition (*Hannum* v̇. *Day*, 105 Mass. 33, *Cobb* v. *Kempton*, 154 Mass. 266), it does not follow that where there is more than one special administrator, all must join in a complaint under G. L. c. 215, § 44. The powers and duties of two or more persons qualified as executors or administrators are joint, and the same is true of two or more persons qualified as special administrators. The duties of special administrators, however, under the statute, are confined to the collection and preservation of the assets of the estate; in the performance of such duties one special administrator may act, and the same is true where there are two or more executors or administrators. Although as a general rule executors and administrators, if there are two or more, must act jointly in the performance of their duties, yet either without the presence or knowledge of the other may properly take possession of property belonging to the estate. In *Hannum* v. *Day*, *supra*, it was said at page 35: " It is true that in some matters, as in the collection and payment of debts, and the disposition of personal property, one executor may act, but his acts are deemed to be the acts of all."

It is equally the right and duty of a special administrator to avail himself of the remedy provided by G. L. c. 215, § 44, to make a complaint to the Probate Court, if necessary, to obtain possession of property of the estate which has been concealed or embezzled.

The finding of the court that Mr. Colman, the special administrator not joining in the complaint, is counsel for the respondent, who is charged with receiving, concealing and conveying away certain property belonging to the estate, does not prevent the complainant from performing the duties imposed upon him by G. L. c. 193, § 11.

As the complainant is an interested party, and as he may alone bring a complaint under the statute, the entry must be,

*Order denying motion to dismiss, affirmed.*