OLD COLONY TRUST COMPANY & others, executors, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. October 7, 1959. — November 2, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Probate Court,* Notice, Accounts. *Taxation,* Commissioner of corporations and taxation, Succession tax. *Executor and Administrator,* Accounts, Taxes, Debts and expenses.

The department of corporations and taxation is not entitled under G.L. c. 206, § 24, as amended through St. 1950, c. 413, to notice of applications for allowance of probate accounts. [632]

In computing a succession tax respecting an estate under G. L. c. 65, the department of corporations and taxation is bound by the amounts of the debts and expenses of administration of the estate determined by the Probate Court by its allowance of accounts. [632–633]

PETITION, filed in the Probate Court for the county of Suffolk on October 8, 1958.

The case was heard by *Keville,* J.

*Roy F. Teixeira,* Assistant Attorney General, for the respondent.

*Antonino F. Iovino,* (*Harold Karp* with him,) for the petitioners.

WILKINS, C.J. The executors under the will of John Cifrino, late of Boston, in their substitute petition seek a declaratory decree as to (1) whether the respondent commissioner of corporations and taxation is a person interested entitled to notice of the allowance of a probate account under G. L. c. 206, § 24, as amended through St. 1950, c. 413, and (2) whether the decrees of the Probate Court establishing the amounts of debts and expenses of the administration of the estate are binding upon the respondent in his determination of the inheritance tax due and payable upon the said estate under G. L. c. 65, § 27, as amended. The facts were

agreed. A decree was entered declaring that the respondent is not a person entitled to notice, and that the decrees of the Probate Court referred to are binding upon him. The respondent appealed.

The testator died on April 12, 1952. The first and final account of the special administrators was allowed on May 1, 1953, and the first, second, third, fourth, and fifth accounts of the executors were allowed on June 15, 1954, April 14, 1955, June 11, 1956, March 28, 1957, and June 5, 1958, respectively. Upon each application for allowance the Probate Court ordered notice by registered mail to all parties in interest, and unless it should appear that all persons interested had actual notice, by publication in a Boston newspaper. Upon each application, there was publication in the newspaper, and notice was sent by registered mail to all legatees and devisees. No notice of any kind was given to the respondent or the inheritance tax bureau of the department of corporations and taxation. When the respective accounts were presented for allowance, no objection was on file against them.

The petitioners filed with the inheritance tax bureau a statement of debts and expenses, which, except for Massachusetts inheritance taxes, were the same as paid by the petitioners as special administrators and as executors, and were as shown in the accounts. In computing and assessing legacy and succession taxes the respondent disallowed, as excessive, part of the sums paid to the special administrators, executors, and their attorneys.

1. On the first issue of notice the respondent is in effect asking us to insert words in the statute, which was enacted after much discussion at the bar following the decision in *Young* v. *Tudor*, 323 Mass. 508. *Claflin, petitioner*, 336 Mass. 578, 581. See 21 Bar Bull. 266; 30 B. U. L. Rev. 31, 48n; 35 Mass. L. Q. No. 2, p. 31 (May, 1950). By St. 1950, c. 413, entitled "An Act relative to the allowance of probate accounts," a complete revision was made in G. L. c. 206, § 24. So far as material, it provides: "Upon application for the allowance of an account filed in the probate court such

notice as the court may order shall be given by publication, unless all persons interested receive actual notice, and by delivering or mailing by registered mail a copy of the citation to the attorney general if there are public charitable interests, to the department of mental health and to the Veterans Administration if interested . . .."

We think that these plain words of the statute are decisive against any general requirement of notice to the department of corporations and taxation in the allowance of probate accounts. Had the Legislature so intended the name of that department would have been enumerated along with the other three public departments. It may be noted that the respondent falls within the implication of the statement in cases decided prior to the enactment of St. 1950, c. 413, to the effect that the Commonwealth was not a party to the probate accounts there considered. *Attorney Gen.* v. *Stone,* 209 Mass. 186, 192. *Watson* v. *Erickson,* 276 Mass. 185, 188–189. See *Attorney Gen.* v. *Rafferty,* 209 Mass. 321.

2. Upon the second issue, whether the allowance of the accounts bound the respondent as to the items of expenses of administration, we are of opinion that the decree below was likewise correct. The tax, which is on succession, must be computed after the deduction of debts and expenses of administration. *Callahan* v. *Woodbridge,* 171 Mass. 595, 599–600. *Attorney Gen.* v. *Laycock,* 221 Mass. 146, 149. *Old Colony Trust Co.* v. *Treasurer & Receiver Gen.* 238 Mass. 544, 548. *Hollis* v. *Treasurer & Receiver Gen.* 242 Mass. 163, 165. Until there is property, net after such deductions, to be received by beneficiaries, there is nothing to tax. The determination of deductions for costs and expenses of administration has been confided to the Probate Court, subject to ordinary appellate procedure. "An executor, administrator, guardian, conservator or trustee shall be allowed his reasonable expenses, costs and counsel fees incurred in the execution of his trust, and shall have such compensation for services as the court may allow." G. L. c. 206, § 16, as amended through St. 1949, c. 140. This means compensation which is just and reasonable. *Parker* v. *Hill,* 185 Mass. 14, 15.

*Kinion* v. *Riley,* 310 Mass. 338, 342, and cases cited. The allowance of accounts imports such findings. *Bearse* v. *Styler,* 309 Mass. 288, 291.

In G. L. (Ter. Ed.) c. 65, § 27, as amended, it is provided: "The commissioner shall determine the amount of tax due and payable upon any estate or part thereof and shall certify the amount so due and payable to the persons by whom the tax is payable. . . . In determining the amount of any tax under this chapter, the commissioner shall not be required to consider any payments on account of debts or expenses of administration which have not been allowed by the probate court having jurisdiction of said estate." The sentence last quoted undoubtedly gives the commissioner power to refuse to consider any payments on account of debts or expenses of administration before allowance by the Probate Court, but it carries no implication that the commissioner is in a super-judicial position with power to reject a decision once made on those matters by the Probate Court. A rational interpretation of our statutes made in the interest of orderly procedure does not yield such an implication.

This aspect of the case falls within the general provision, that a final decree entered on an account "shall not be impeached except for fraud or manifest error." G. L c. 206, § 24, as amended through St. 1950, c. 413. *Old Colony Trust Co.* v. *Mabbett,* 334 Mass. 412, 416, and cases cited.

*Decree affirmed.*