SHIRLEY A. PHELAN, public administratrix, *vs.* EDWARD J. McCABE & another, administrators.

Essex. December 5, 1961. — February 9, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & SPIEGEL, JJ.

*Executor and Administrator,* Action by one of several fiduciaries, Compensation, Appraiser, Investments. *Probate Court,* Appeal.

An appeal by one only of two administrators of a decedent's estate, taken in the interest of the estate, from a decree of the Probate Court allowing the account of a public administratrix of the estate was not to be dismissed merely on the ground that the appellant's coadministrator had not joined in the appeal. [587–588]

On the record in a proceeding for allowance of the account of a public administratrix of a substantial decedent's estate, of which she had been special administratrix and of which ultimately administrators were appointed, no ground appeared for disturbing allowances, as reduced by the judge of probate, for the services of the accountant and the appraisers. [588–589]

In a proceeding for allowance of a probate account reflecting a payment to an appraiser who became the accountant's attorney and a payment to an appraiser who was the accountant's fiancé or husband, the judge was not obliged to disallow such payments on the ground that the appoint-

ment of a "disinterested person" is called for by G. L. c. 195, § 6, where it did not appear that the services of the two appraisers were not properly performed. [589]

There was no merit in a contention that, regardless of the propriety as investments of securities inventoried in a decedent's estate, a public administratrix of the estate had a duty to liquidate them and so was chargeable for a diminution in their value during a period of some months while she retained them prior to turning them over to administrators of the estate following their appointment. [589–590]

PETITION, filed in the Probate Court for the county of Essex for allowance of an account.

The case was heard by *Costello, J.*

*William B. Welch,* for the accountant.

*Edward J. McCabe,* administrator, pro se.

WHITTEMORE, J. Edward J. McCabe, one of the two administrators of the estate of Charlotte M. Dickinson, has appealed from a decree of the Probate Court for Essex County allowing, with modifications, the account of Shirley A. Phelan, public administratrix of the estate. Mrs. Phelan has also appealed from the decree. There is a report of material facts. The evidence is before us.

1. The public administratrix contends that Mr. McCabe's appeal must be dismissed because not joined in by his coadministrator.

Our decisions leave no doubt of the right of one administrator to appeal where it appears of record that the coadministrator opposes the appeal. In *French* v. *Peters,* 177 Mass. 568, 573, this court said, "The appeal of one administrator and the attempt of the other to have the appeal dismissed was in effect a severance in pleading . . . and so allowable under the doctrine stated, unless as in *Lyon* v. *Allison* [1 Watts, 161] it is apparent that it is better for the estate to have the decree stand. But in the present case the decree is against the estate while in *Lyon* v. *Allison* the decree freed the estate from all liability. Besides this the present decree orders both of the coadministrators by name to pay the plaintiff . . ., thus imposing upon the appellant . . . personally a liability to be proceeded against for contempt if he does not comply . . .."

In *Paul* v. *Costello,* 177 Mass. 580, exception was taken to the ruling in the Superior Court that it had no jurisdiction of an appeal from the Court of Insolvency by one of two assignees in insolvency. Holmes, C.J., noted that *French* v. *Peters* implied that severance "may be accomplished with less formality than by the ancient proceeding . . . ." He observed that "[i]f we were to apply the rules against an excepting party in all their strictness we should be obliged to overrule the exceptions on . . . [the] ground" that the refusal of the other assignee to appeal did not sufficiently appear of record. The opinion assumed, however, that the ruling "went on the broad ground that one assignee could not appeal under any circumstances" and sustained the exceptions without prejudice, saying that "[i]f the dissent . . . has not been sufficiently established, it may be that the Superior Court will allow the appellant time to establish it." *Barnes* v. *Barnes,* 291 Mass. 383, 388, in a dictum indicates that a severance must be effected "by some action approved by the court."

There is no doubt also of the rule, recognized in *French* v. *Peters, supra,* that one of several coparties may appeal if he has a several interest. *Barnes* v. *Barnes,* 291 Mass. 383, 388. Mr. McCabe urges that this rule is applicable, notwithstanding the joint interest of the administrators, *Zwick* v. *Goldberg,* 304 Mass. 66, 70. We pass the issue whether a several interest could exist, notwithstanding such protection as is afforded by a final decree from which no appeal is taken, and stand on a broader base. It is established that "in some matters, as in the collection and payment of debts, and the disposition of personal property, one executor [or administrator] may act, but his acts are deemed to be the acts of all." *Hannum* v. *Day,* 105 Mass. 33, 35. *Talbot* v. *Bush,* 251 Mass. 27, 29. See Newhall, Settlement of Estates (4th ed.) § 60. In the *Talbot* case it was held that one special administrator may, as a person interested in the estate, complain under G. L. c. 215, § 44, against a person for fraudulently receiving, concealing and conveying personal property of the decedent. We are disposed to extend

the rule stated in *French* v. *Peters.* Omission of one of two coadministrators to claim the appeal tends by itself to show that that one opposes the appeal. The only alternative is that he approves but that for some undisclosed reason his name was omitted. In that alternative we think the appeal by one of the coadministrators is to be deemed the act of both for purposes of the appeal in this court. If on remand, for any reason, as in respect of costs or allowances, the opposition of one of the coadministrators to the appeal should become in some way relevant, nothing in this rule will prevent the fact being shown. We rule that the appeal taken by Mr. McCabe is in the interest of the estate and is, therefore, properly here. G. L. c. 215, § 9.

2. The judge reduced the "fee for public administratrix and legal services" from $15,000 to $6,000. Mrs. Phelan asserts error in the reduction; Mr. McCabe contends it is error not to have made a further reduction.

The judge found that Mrs. Phelan as public administratrix expended 800 hours in the performance of services for the estate. He found also the nature of the services rendered. Inter alia, he found that for a considerable time there were "no known heirs or next of kin . . . [and she] received many calls and letters from persons claiming relationship . . .; these she checked and discussed at various conferences with the office of the Attorney General." The personal property in the estate, as received by the public administratrix, according to the inventory amounted to $282,002.20. There was real estate which required attention. Two attorneys gave expert opinions in support of the amount claimed in the account. Mrs. Phelan had received $5,000 for services as special administratrix. Mr. McCabe contends, without specific reference, that there is some overlapping of services claimed in the two accounts and suggests that "the basic factors present in the estate" make the finding of 800 hours spent for the estate "hard to reconcile with any degree of efficiency."

An administrator, public or otherwise, is entitled to just and reasonable compensation. G. L. c. 206, § 16, as amended

through St. 1949, c. 140; c. 194, § 4. *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxn.* 339 Mass. 630, 632. *Mulcahy* v. *Boynton,* 341 Mass. 171, 178. We see no error of law in the reduction of the fee. As to the lesser amount fixed, we are unable to rule that the finding of the judge was plainly wrong. *Taylor* v. *Trefrey,* 282 Mass. 555, 557. *McMahon* v. *Krapf,* 323 Mass. 118, 123. We assume that some of the 800 hours may have been unnecessary. The fee fixed tends to show recognition of this by the judge. It is not determinative that we should have been inclined as an original matter to fix the fee in somewhat lesser amount.

3. Mr. McCabe objects to allowances to three appraisers reduced by the judge from $400 to $150 each. There is no direct evidence of what they did, but the assets were the same as in the prior special administration. This points to the probability that the appraisal was, as is usual, formal and routine, a service justifying only a minimum award. *Mulcahy* v. *Boynton,* 341 Mass. 171, 177. However, on this record we are unable to rule that the allowances were plainly wrong.

Payments to William B. Welch, Esquire (who was Mrs. Phelan's attorney) as an appraiser in the public administration and to Robert G. Phelan (her fiancé or husband) as an appraiser in the special administration are contested on the ground that G. L. c. 195, § 6, calls for the appointment of a "disinterested person." It not appearing that the services of the appraisers were not properly performed, the judge was not obliged to disallow these items on the ground stated.

4. No error is shown in the payment of $750 to Mr. Welch for "legal services and investigation," nor in connection with the payment of $76.23 to the Lynn Safe Deposit & Trust Company for "charges on transfers of securities."

5. The accountant as public administratrix held all but seven inventoried securities from July 6, 1959, to April 25, 1960. She had become responsible for the securities as special administratrix on her appointment, April 17, 1959. Her final account, suitably, lists the securities at inventory

value.   The inventoried value of the unsold securities was about $73,000.   On January 5, 1960, the date of the appointment of the administrators, the value of these securities was about $78,500.   On January 27, 1960, their value had diminished by about $5,400.   On April 25, 1960, when the securities were delivered to the administrators, their value had diminished by $9,195.21.   The argument of the appealing administrator appears to be that the accountant had a primary duty to liquidate and that, therefore, she retained the securities at the risk of liability for all losses, regardless of the propriety of the securities as investments.   No citation supports this view.   We do not adopt it.   See Newhall, Settlement of Estates (4th ed.) § 110.   We find it unnecessary to go further in defining the obligation of the public administratrix as no other basis for charging the accountant is suggested.   There is no contention that the securities shown in the account were improper securities for a fiduciary to hold.   Retention of securities after appointment of successors and pending their formal demand is not in itself a basis of absolute liability.

*Decree affirmed.*