MARGARET C. CURNANE *vs.* JOSEPH A. CURNANE & another, MARY P. KELLEY, claimant.

Middlesex.    November 6, 7, 1939. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Trustee Process. Scire Facias. Executor and Administrator,* Trustee process.

In the circumstances, service on one only of two executors of a will, named as alleged trustees in trustee process against a legatee under the will, did not give the court jurisdiction over either of them, and their being charged as trustees and the issuance of execution was of no effect as against another plaintiff in a later trustee process against the same defendant and the same alleged trustees.

Scire facias lies against an executor charged as trustee in trustee process.

The plaintiff in an action by trustee process in which the trustee had been charged and execution had issued could be summoned as an

adverse claimant under G. L. (Ter. Ed.) c. 246, § 33, in a later action by another plaintiff against the same defendant and the same trustee, and the validity of the earlier trustee process to give the adverse claimant a prior right to the fund in the trustee's hands thus could be determined.

SCIRE FACIAS in the First District Court of Eastern Middlesex dated January 3, 1938.

The case was heard by *Brooks,* J.

*H. C. Gow,* (*M. K. Wagner* with her,) for the claimant and another.

*R. D. Gerould,* for the plaintiff.

DOLAN, J. This is a writ of scire facias brought in the plaintiff's action, begun by trustee process, against one Flood as defendant, in which the present defendants Joseph A. and Daniel B. Curnane, executors of the will of Jeremiah J. Curnane, deceased, were summoned as trustees. Flood, a legatee under the will, was defaulted and the trustees were charged generally and execution issued. A prior action by trustee process, brought by Mary P. Kelley against the same defendant and the same trustees, resulted in a judgment for Kelley. Execution therein issued on June 26, 1937, which was five months before the issuance of the execution involved in the present case. In the present proceeding, upon motion of the defendant trustee Joseph Curnane, the judge directed that an order of notice issue to Kelley as a party claimant. She filed a so called "plea in abatement." After a hearing of this "plea," the judge proceeded to hear the case on the merits, without disposing of the "plea," but gave Kelley permission to take part in the trial of the merits without prejudice to her rights under her plea.

The judge found as a fact that, in the prior case of Kelley against Flood, no proper service was made on the defendant trustee Joseph Curnane, that the writ was returnable more than thirty days after the date thereof, and that no demand was made on the defendant trustee Daniel Curnane within thirty days after final judgment; and he ruled that those proceedings against the trustees were not effective to attach the legacy of Flood. He ruled that in the present

case the trustee process was effective to attach the legacy of Flood and that, as matter of law, the defendants are chargeable in these proceedings in the sum of $500. He further ruled that Kelley "is an adverse claimant in these proceedings within the meaning of" G. L. (Ter. Ed.) c. 246, § 33, and overruled her plea in abatement. As Kelley and the defendant Daniel Curnane claimed to be aggrieved by the findings, rulings and refusals to rule of the judge, the case was reported to the Appellate Division, which ordered the report dismissed. Kelley and the defendant Daniel Curnane appealed·from this order.

It is provided by G. L. (Ter. Ed.) c. 246, § 16, that the answer and statements of a trustee, on oath, shall be considered as true in determining how far he is chargeable, but that either party may allege and prove any facts material in determining that question and not stated or denied by the trustee. So in scire facias, which is but a continuation of the original proceeding (*Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84, 85), the liability of one sought to be charged as trustee is ordinarily determined by an examination of his answers and statements on oath. *Fay* v. *Sears,* 111 Mass. 154, 155. *Wilde* v. *Mahaney,* 183 Mass. 455, 460. *MacAusland* v. *Fuller,* 229 Mass. 316, 320. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 301. Compare *Musolino, LoConte Co.* v. *Costa,* 304 Mass. 253, 255.

The answer on oath of the defendant Joseph Curnane contained the statements that he had not been served with process in the case of Kelley *v.* Flood; that he and his co-executor Daniel Curnane jointly had in their hands goods, effects and possessions of Flood in the sum of $500 subject to a prior attachment in the case of Kelley *v.* Flood as to the validity of which he (Joseph Curnane) was in doubt as he had not been served with process. The defendant Daniel Curnane answered that the defendant trustees were charged in the prior action of Kelley *v.* Flood; that execution issued therein and demand was duly made thereon five months before the execution described in the present proceeding was issued; and that he has not now in his hands and possession any goods or effects of Flood. In

answer to interrogatories, however, he stated that he had been served with process in the present action of which this proceeding is a continuation; that he then had in his possession the sum of $500 payable to Flood but subject to an attachment by Mary P. Kelley; that demand had been made upon him in the case of Kelley against Flood within thirty days after final judgment therein; and that he and Joseph Curnane have not now in their possession as executors funds payable to Flood. It is obvious that if the Kelley "attachment" thus referred to was invalid the answers of each of the trustees show funds held for Flood when process was served in the action of the plaintiff. The answer of the defendant Joseph Curnane that he was not served with process in the Kelley case must be taken as true. *First National Bank of Clinton* v. *Bright,* 126 Mass. 535. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 301. *French* v. *Ballantyne,* 303 Mass. 387, 390. The finding that Daniel Curnane was served with process also must be taken as true. The question therefore is whether service in the Kelley case on only one of the defendants sought to be charged as trustees for the principal defendant was valid and effective.

It seems to be settled in this Commonwealth that ordinarily where two or more persons are jointly liable as trustees, all should be served with process, and that if this is not done, the one or more served should be discharged. *Jewett* v. *Bacon,* 6 Mass. 60, 62. *Warner* v. *Perkins,* 8 Cush. 518. See *Lobb* v. *Lobb,* 26 Penn. St. 327. The rule may be relaxed in certain circumstances, as where some of those liable are nonresidents, *Parker* v. *Danforth,* 16 Mass. 299; or where, due to the circumstances of the particular case, there will be no loss or inconvenience to those summoned. *Hathaway* v. *Russell,* 16 Mass. 473. See also G. L. (Ter. Ed.) c. 246, §§ 5–6. In the instant case we think there is reason for the application of the general rule. Since the defendant Joseph Curnane was not served with process in the Kelley case, he was left free to pay the legacy to Flood. It is a general doctrine that payment by one of two or more joint executors will have the same effect as payment by

all. *Hannum* v. *Day*, 105 Mass. 33, 35. *Haskell* v. *Manson*, 200 Mass. 599, 602. *Talbot* v. *Bush*, 251 Mass. 27, 29. In such case Kelley would have lost the right to reach the legacy, and the trustee served might have been obligated to pay over the sum with which the trustees were charged in the Kelley case, though the legacy itself had been paid by his coexecutor. The present case is distinguishable from *Hoyt* v. *Robinson*, 10 Gray, 371. There it was held that the failure to serve one of two joint obligors was a matter in abatement and that the trustee served could not avail himself of such matter for the first time on scire facias. Here, however, Daniel Curnane, the only trustee served in the Kelley case, the one who might at the proper time have urged the matter in abatement, rather than seeking discharge, argues that service on himself was sufficient to bring in his coexecutor. The lack of service on the defendant Joseph Curnane in the Kelley case was not waived because he never appeared in that action, and jurisdiction was not obtained over him by the service on Daniel Curnane and his appearance by an attorney who also purported to appear for Joseph Curnane though not authorized by him to do so. See *Hanzes* v. *Flavio*, 234 Mass. 320, 327.

Since there was no service on Joseph Curnane in the Kelley case, the District Court was without jurisdiction over the alleged trustees; and that trustee proceeding and the purported judgment entered therein were of no force or effect. *Needham* v. *Thayer*, 147 Mass. 536. *Carroll* v. *Berger*, 255 Mass. 132, 135. *New England Home for Deaf Mutes* v. *Leader Filling Stations Corp.* 276 Mass. 153, 157.

The defendant Daniel Curnane and Kelley argue that there was no jurisdiction in the District Court to cite Kelley in as an adverse claimant under G. L. (Ter. Ed.) c. 246, § 33, contending that Kelley was prejudiced by the consideration of her claim to the fund involved, Flood's legacy, in the District Court rather than in the Probate Court. They urge that the District Court is without authority to issue a writ of scire facias against an executor adjudged trustee of a legacy due to a principal defendant.

It is provided by G. L. (Ter. Ed.) c. 246, § 21, that

legacies due from or in the hands of an executor may be attached by trustee process. G. L. (Ter. Ed.) c. 246, § 45, relating to the issuance of writs of scire facias contains no intimation that they may not issue against executors who have been adjudged trustees. It is true that § 56 provides: "If, after final judgment against an executor or administrator for a sum certain due from him as trustee, he fails to pay the same, the original plaintiff in the trustee process shall have the same remedy for recovering the amount, either upon a suggestion of waste or by a suit on the administration bond, as the defendant in the trustee process would have had upon a judgment recovered by himself for the same demand against the executor or administrator." *Cheshire National Bank* v. *Jaynes*, 225 Mass. 432, 433, 434. But it does not appear that these special remedies are exclusive. In *Mosher* v. *Mosher*, 293 Mass. 105, 109, it seems to be recognized that the plaintiff may proceed against an executor adjudged a trustee either by scire facias or by the special remedies provided in § 56. See *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234, 237. There is nothing in § 55 to the contrary. Nor, if permissible, was the plaintiff required to proceed under G. L. (Ter. Ed.) c. 197, § 19. Compare *Geen* v. *Old Colony Trust Co.* 294 Mass. 601, 602–605.

We are of opinion that the District Court, having jurisdiction to entertain trustee process to attach goods, effects or credits of a defendant in the hands of an executor, had jurisdiction to entertain this proceeding by way of scire facias, which is a mere continuation of the original action. We discover no error in the rulings of the judge.

*Order dismissing report affirmed.*