Earl WILLAMETZ, Plaintiff,

v.

Joseph SUSI et al., Defendants.

Civ. A. No. 70-334.

United States District Court,
D. Massachusetts.

Jan. 27, 1972.

————◆————

J. Francis Hayden, New York City,
for plaintiff.

Samuel H. Cohen, Boston, Mass., for
defendants.

## MEMORANDUM AND ORDER

FRANK J. MURRAY, District Judge.

Defendants Joseph and Mary Susi moved, pursuant to Rule 12, Fed.R.Civ. P., to dismiss this action on the ground they were served with process after being enticed by false representations to come to Massachusetts. The question presented is whether there was such an abuse of the process of this court that the court will not enforce its jurisdiction against the moving parties but will set the process aside. *See, e. g.,* Fitzgerald and Malloy Construction Co. v. Fitzgerald, 137 U.S. 98, 11 S.Ct. 36, 34 L.Ed. 608 (1890); Union Sugar Refinery v. Mathiesson, 24 Fed.Cas. p. 680 No. 14,397 (C.C.Mass.1864); *cf.* Wyman v. Newhouse, 93 F.2d 313 (2d Cir. 1937), cert. denied, 303 U.S. 664, 58 S.Ct. 831, 82 L.Ed. 1122 (1938). *Compare* Buchanan v. Wilson, 254 F.2d 849 (6th Cir. 1958). At the hearing of the motion witnesses were called by the plaintiff and the moving parties. This memorandum contains the findings and rulings of the court.

The facts may be stated as follows. Plaintiff is a resident of Connecticut. Proceeding *pro se*[1] he filed a complaint against the Susis, residents of the State of New York, in this court on February 25, 1970. At the time the complaint was filed, plaintiff moved for an order (which was granted) to appoint one Joseph Francis to serve process, garnish and attach. On the day the complaint was filed a summons issued, and also a trustee writ naming Anthony J. Orlando and Hartford Accident and Indemnity Company (Hartford) as trustees of the defendants. The return of Joseph Francis shows service on Orlando on February 25, 1970, and service on Hartford the following day.

[1] Plaintiff is not a lawyer, and there is no evidence he has been educated, trained or is experienced in the practice of law. Yet the complaint he filed is skillfully drawn and shows not only undeniable evidence of the techniques of an experienced pleader but also familiarity with the code provisions relating to jurisdiction of district courts, the meaning of venue, the doctrine of quasi-in-rem jurisdiction, and principles of corporation law.

Anthony Orlando resided in East Brookfield, Massachusetts. On March 13, 1970, Orlando telephoned Joseph Susi and induced the Susis to make a trip to Orlando's office in East Brookfield, Massachusetts, on March 16. This was accomplished by representing to Joseph that he (Orlando) would pay the New York Supreme Court judgment of $153,816.62 recovered against Orlando by Susi Contracting Co., Inc., if and when the Susis came to East Brookfield. Orlando explained to Joseph that he did not want Hartford to pay off the judgment because it would hurt his business. Relying on Orlando's representations the Susis drove to Orlando's office in East Brookfield on March 16. Although they arrived at the time and place set by him, Orlando was not present. Orlando's attorney, who was present, told Joseph Susi that Orlando had tried but was unable to reach him "last night to tell you he would not be here". The plaintiff and Joseph Francis were also present when the Susis arrived, and plaintiff directed Francis to make service on both Susis. Francis did so in the manner and form that appears on the return of service filed April 21, 1970.[2]

Orlando had no intention of paying the judgment debt to Joseph Susi when he telephoned on March 13, and his representation to Joseph Susi that he would do so was false. Orlando never intended to be at his office in East Brookfield on March 16 when the Susis were to arrive, and he never tried to reach Joseph on March 15 to tell him not to come.[3] It was never Orlando's expectation that he would benefit from the presence of the Susis at East Brookfield. He knew he had been served with the trustee process, and believed that the process had effected an attachment of the judgment debt. He had no intention of taking any action that might put the assets of Susi Contracting Co., Inc., represented by the judgment, beyond the reach of plaintiff, with whom he was friendly, and, further, he had no intention of taking any risk, by paying the judgment debt to Joseph Susi, of being required to pay the judgment twice.

The court concludes that in filing the complaint, in securing the order for Francis to serve the process, and in the steps taken to have service made on the Susis at East Brookfield, the plaintiff, without training in the law, was advised by one with legal skill and experience. No appearance was filed on his behalf until that of J. Francis Hayden on February 18, 1971. The court does not find, and this memorandum should not be read to imply, that the court believes plaintiff was advised by Mr. Hayden before his appearance was filed. All that is here found is that plaintiff was advised by someone with the skill and experience demonstrated by the steps taken and papers filed while plaintiff was acting *pro se*.

■■ The venue of this diversity action was not properly laid in this district when the complaint was filed, since neither the plaintiff nor the defendants were residents of this district. 28 U.S.C. § 1391(a). A practitioner of experience in Massachusetts might have concluded, nevertheless, in light of Rule 4(e), Fed.R.Civ.P. (1963), that service of trustee process in Massachusetts on Orlando and Hartford effectually seized the property of Susi Contracting Co., Inc. (and probably of Joseph) to the value of the judgment against Orlando, and gave the court quasi-in-rem jurisdiction over the defendants. *See, e. g.,* Cheshire National Bank v. Jaynes, 224 Mass. 14, 112 N.E. 500 (1916); Gulda v. Second National Bank, 323 Mass. 100, 80 N.E.2d 12 (1948). In the case of Nowell v.

---

**2.** It is this service that the Susis seek to have set aside.

**3.** It is clear to the court that Joseph telephoned Orlando on March 15 and told Orlando he would arrive the next morning in East Brookfield.

Nowell, 417 F.2d 902 (1969), however, the Court of Appeals for this Circuit decided that unless venue was properly laid in a diversity action within the requirements of § 1391(a), an attachment by trustee process of a non-resident defendant's property within the district would not give the federal court jurisdiction over the defendant for any purpose.

It is not clear whether plaintiff knew that jurisdiction over the Susis was subject to attack in light of *Nowell*, or whether he desired personal service on them to be made in Massachusetts in any event. It is clear, however, as between Orlando and the plaintiff, that only the latter would benefit by the presence of the Susis in East Brookfield. Thus, the court concludes that Orlando made the false representation to Joseph Susi at the behest of the plaintiff, and in making it acted on plaintiff's behalf.

Accordingly, the court finds the service of process on the Susis in East Brookfield was an abuse of process, and orders that the service be and the same hereby is quashed.