*Vincent F. Zarrilli*, pro se, submitted a brief.

GARRIE JOAN KLAVAN *vs.* AVRAM MACY KLAVAN. October 18, 1989. *Practice, Civil*, Service of process.

Avram Macy Klavan (husband) appeals from a judgment of divorce from Garrie Joan Klavan (wife) on the ground that the Probate and Family Court for Norfolk County lacked personal jurisdiction over him. He claims that service on him was invalid because it was obtained through the fraud

---

[3] The judge's memorandum denying the defendant's motion under rule 30 (a) was not included in the record appendix.

and deceit of the wife. We transferred the case to this court on our own motion. We affirm.

The parties were married in New York in 1966. They resided in Vermont for most of the duration of the marriage. After marital difficulties surfaced in 1983, the husband moved from Vermont to Alaska. The wife moved to Massachusetts in 1985. The parties saw each other from time to time and made various unsuccessful efforts at reconciliation. The parties also discussed divorce. According to the husband's affidavit, he travelled to New York on or about August 6, 1986, and spoke by telephone to the wife at some time after his arrival. The husband wanted to meet the wife in Vermont; she wanted him to come to Boston. When he refused, according to his affidavit, "She became hysterical and screamed that I had to come to Boston so that we could talk." The husband then agreed to come to Boston.

On August 13, 1986, the wife filed a complaint for divorce, dated August 8. On August 14, when the husband arrived at Logan International Airport, he was served with the complaint for divorce and a summons. The husband filed a special appearance and a motion to dismiss the complaint for lack of personal jurisdiction. The trial judge denied the motion. A judgment of divorce nisi entered on February 10, 1988. The sole issue on appeal is whether the judge erred in denying the husband's motion to dismiss for lack of personal jurisdiction.

Although we have not yet ruled whether service of process should be set aside if a person has been induced by fraud or trickery to come within the jurisdiction of a Massachusetts court for the purpose of procuring service on him, other courts have set aside such service of process. See, e.g., *Commercial Mut. Accident Co.* v. *Davis*, 213 U.S. 245, 256 (1909); *Coyne* v. *Grupo Indus. Trieme, S.A. de C.V.*, 105 F.R.D. 627, 629 (D.D.C. 1985); *E/M Lubricants, Inc.* v. *Microfral, S.A.R.L.*, 91 F.R.D. 235, 236-238 (N.D. Ill. 1981); *Willametz* v. *Susi*, 54 F.R.D. 463, 464-465 (D. Mass. 1972). See generally Annot., Attack on Personal Service As Having Been Obtained By Fraud or Trickery, 98 A.L.R.2d 551 (1964).

If we were to recognize the doctrine of fraudulent enticement, it would not aid the husband. The husband's affidavit does not set forth any fraudulent action, representation, or statement by the wife that was relied on by the husband. See, e.g., *Willametz, supra* at 464-465; *E/M Lubricants, Inc., supra* at 237-238. The husband's affidavit asserts that the wife "became hysterical and screamed." Those facts do not constitute a representation of any kind, let alone fraud, trickery, or fraudulent representation.

The husband argues that the "deceit lies in the Wife's failure to disclose that she would serve [him] with process upon his arrival in Massachusetts." We disagree. Silence is deceitful only where circumstances give rise to a duty to speak, and such duty is imposed only "where the defrauding party has made statements which are subsequently found to be inaccurate and where he knows or should know that the other party is relying on the inaccurate statements." *E/M Lubricants, Inc., supra* at 237, and cases cited.

Hysteria and screaming do not describe an inaccurate statement. Thus, the wife was under no duty to disclose any service that may have been impending.[1]

On appeal, the wife asks for attorney's fees. That motion is remanded to the Probate and Family Court where such fees may be allowed in the judge's discretion. The judgment of divorce is affirmed.

*So ordered.*

*Alan S. Geismer, Jr.,* for Avram Macy Klavan.
*Jay S. Gregory* for Garrie Joan Klavan.

---

[1] Alternately, the husband relies on a number of cases holding that fraudulent enticement exists where the defrauding party induced the other party to enter the jurisdiction by agreeing to discuss a settlement. See, e.g., *E/M Lubricants, Inc., supra* at 237 (finding the defendant's president offered to enter the jurisdiction for the sole purpose of negotiating a settlement); *Coyne, supra* at 628 (during the weeks preceding the filing of his suit, the plaintiff repeatedly urged the defendant's representative to enter the jurisdiction to settle their dispute). Here, the wife merely asked the husband to come to Boston to talk — the husband's affidavit does not disclose whether they were to discuss a "settlement," a divorce, or a reconciliation. The record clearly shows that in the months prior to service, the couple met twice, in Alaska and Vermont, in an effort to reconcile. No divorce proceedings were pending in any jurisdiction and "[n]o mention was made of divorce" during the telephone conversation. Therefore, there is no evidence that the wife agreed to settlement negotiations, and the husband's reliance on those cases is misplaced.