Rutberg, J.
This appeal arises from the appellee’s [hereinafter “Wanck”] alleged breach of a separation agreement into which he entered with the appellant [hereinafter “Tracy”] on December 18, 1996. The parties were married in New York State and were divorced there. While Wanck continues to live in New York, Tracy has moved to Northampton, Massachusetts.
Believing that Wanck breached the separation agreement, Tracy filed suit in the Northampton District Court on February 16, 2000, seeking money damages for the alleged contractual breach. Thereafter, Tracy had Wanck served in hand in Lee, Massachusetts on February 23, 2000 by deputy sheriff. In lieu of answering the complaint, Wanck filed a motion to dismiss claiming that (a) the court lacked subject matter jurisdiction, (b) the court lacked personal jurisdiction over the defendant, and (c) the complaint failed to state a claim upon which relief could be granted. Mass. R. Civ. P., Rule 12 (b) (1), (2), (6). The trial judge allowed Wanck’s *21 motion without formal comment; subsequently, he denied Tracy’s subsequent motion for reconsideration, which denial was appealed to this Court pursuant to Dist/Mun. Cts. RADA, Rule 8C.
The genesis of Tracy’s complaint lies in her assertion that Wanck removed items of personal property from the family residence without accounting to Tracy for same in defiance of the separation agreement Tracy alleges that Wanck’s actions breached their agreement for which she seeks money damages. Clearly, the complaint for breach of contract states a claim upon which relief can be granted; and, a claim for money damages arising out of an alleged breach of contract is one over which the district court department has subject matter jurisdiction. Indeed, the foregoing issues were not discussed dining the oral argument of either motion described above; and, Wanck submitted neither an affidavit nor other documentation in support of these claims.[1]
Therefore, this appeal turns on the question as to whether the district court obtained full in personam jurisdiction over the defendant by virtue of the fact that he was served with a summons and complaint within the Commonwealth. We answer this question in the affirmative. Personal service in the jurisdiction has been the ancient and historic basis for the exercise of jurisdiction, and it remains so in Massachusetts. Burnham v. Superior Court of California, 495 U.S. 604 (1990); 495 U.S. 604 (1990) Pennoyer v. Neff, 95 U.S. 714 (1878); Schinkel v. MaxiHolding, Inc., 30 Mass. App. Ct. 41 (1991). In Burnham, the Supreme Court of the United States stated:
The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit. Burnham v. Superior Court of California, supra at 610-611, citing cases, [emphasis added].
In affirming this basic principle, our Supreme Judicial Court entertained the possibility that personal service within the Commonwealth may not grant our courts jurisdiction if the defendant has been fraudulently enticed into the Commonwealth for the purpose of obtaining service. Klavan v. Klavan, 405 Mass. 1105 [rescript, (1989)]. The record here is bereft of even a hint of evidence that Wanck was fraudulently induced into the Commonwealth to be served; indeed, the record is opposite, as Wanck’s counsel twice claimed during argument that “(t)he man [Wanck] walked into Massachusetts and he was served with a summons.”
Wanck argued at the motion hearings that he lacked adequate “minimum contacts” with Massachusetts to allow our courts to exercise personal jurisdiction over him. This argument is misplaced in a case where a defendant has been served in hand in the jurisdiction. The concept of minimum contacts arose from the assertion of jurisdiction over individuals and entities who were not physically present in the state where court action had been asserted. Again, the Supreme Court of the United States has said:
Since International Shoe, we have only been called upon to decide whether these ‘traditional notions’ permit States to exercise jurisdiction over absent defendants in a manner that deviates from the rules of jurisdiction applied in the 19th century. We have held such deviations permissible, but only with respect to suits arising out of the absent defendants contacts with the State. Burnham v. Superior Court of California, supra at 609-610, footnote omitted: citing cases. [emphasis added].
*22 The case upon which Wanck’s counsel based his entire argument — Good Hope Industries, Inc. v. Ryder Scott Company, 387 Mass. 1 (1979) — arises out of a contest of the assertion of long-arm jurisdiction; additionally, all of the other cases which Wanck cited at either argument were also long-arm cases.[2]
Wanck has not properly presented this Court with the issue as to whether the concept of “minimum contacts” should, or must, be extended to situations where out of state defendants are served in hand while they are temporarily within the Commonwealth of Massachusetts. In Burnham, the Supreme Court of the United States was asked this exact question and its opinion contains an encyclopedic survey of the history surrounding this issue, and it decided that
The short of the matter is that jurisdiction based upon physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of ‘traditional notions of fair play and substantial justice.’ Burnham v. Superior Court of California, supra at 619.
The federal Constitution does not require a showing of minimum contacts in such a situation, and Massachusetts’ courts have asserted jurisdiction to the outside limits of the United States Constitution. Burnham v. Superior Court of California, supra; Ross v. Ross, 371 Mass. 439 (1976). Therefore, Wanck’s assertion that he must have minimum contacts with Massachusetts in order for our courts to exercise full, in personam, jurisdiction over him despite having been served with process in hand in this state is without merit
This case is remanded to the trial court for further proceedings consistent with the opinion set forth above.

 It should be noted that Wanck did not file a brief and he did not appear for the oral argument on this appeal.

 It should be further noted that Wanck submitted no affidavit, memorandum or brief in support of his motion to dismiss; therefore, we must look to the transcript of the motion hearings to learn the essence of Wanck’s position and the authorities upon which his position is grounded.