APOLLO WOODWARD, *at the suit of* JOSEPH COOK, Assignee of J. SHINN.

The affidavit required under the 5th section of the act directing the mode of entering judgments on lands with warrants of attorney, must state the *consideration of the bond*, and it is not sufficient to state the consideration of the *assignment* of the bond only.

This was a rule to shew cause why the judgment and execution in this cause should be set aside. This judgment was entered upon a bond and warrant of attorney under the act "directing the mode of entering judgments upon bonds with warrant of attorney to confess judgments," passed 24th February, 1820. The affidavit made and filed in pursuance of the 5th section of the act was as follows: "A. B., attorney for Joseph Cook, being duly sworn, doth declare and say, that Apollo Woodward is justly indebted to the said Joseph Cook, as this deponent verily believes, in the sum of thirteen hundred dollars, on a bond accompanied by a warrant of attorney to confess judgment, whereof the foregoing are true copies. That the *consideration of the assignment of the said bond* to said Joseph Cook is, as this deponent believes, for money paid to the said Joseph Shinn, the obligee therein mentioned; and this deponent verily believes the said sum of money to be justly due and owing to the said Joseph Cook from the said Apollo Woodward, and that judgment is not confessed on the said obligation, by virtue of the warrant thereunto annexed, to answer any fraudulent purpose, or to protect the property of the defendant from his creditors."

*Armstrong* moved to set aside this judgment on account of the insufficiency of the affidavit. The affidavit, he said, was not in conformity with the provisions of the act. By the 5th section, it was enacted, "that no judgment shall be

Kingsland v. Gould et al.

entered on a bond or obligation and warrant of attorney to confess judgment thereon, unless the plaintiff or his attorney shall produce, at the time of confessing such judgment to the court, justice, or judge, before whom such judgment shall be confessed, an affidavit of the plaintiff, his attorney, or agent, stating therein *the true consideration of the said bond or obligation,* and that the debt for which judgment is confessed is justly due," &c. Now this affidavit does not state consideration of the *bond,* but merely the consideration of the *assignment* of the bond, and was, therefore, not a compliance with the words of the act.

*Per Curiam.* Let the rule setting aside the judgment be made absolute.