ARTHUR F. SMILLIE, PLAINTIFF-APPELLEE, v. LOUIS LERNER, DEFENDANT-APPELLANT.

Argued January 19, 1932—Decided April 8, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-respondent, *Jack Altshuler*.

· For the defendant-appellant, *Sol Eigen* and *Heller & Boss*.

Per Curiam.

The plaintiff had judgment in an action brought to recover damages for false arrest and imprisonment and malicious prosecution. The case was tried without a jury. The defendant appeals and submits several points for reversal. We find no merit in the first two, which allege error in the refusal of a nonsuit and in the finding of a verdict in favor of the plaintiff.

We conclude, however, that there must be a reversal. Defendant's counsel called as a witness, an attorney-at-law, who had advised the defendant before the prosecution in question was instituted. Plaintiff's counsel moved for the exclusion of the defendant from the court room while this witness was testifying. The motion was granted and an exception taken.

The right of a party to be present in court when a case in which he is interested is being tried, seems too fundamental to admit of dispute. If a defendant may be excluded from a trial involving his right and privileges his interest may be seriously jeopardized. The pertinent rule is stated in 38 *Cyc.* 370, as follows: "It is settled that a party to an action, or his attorney, who is a witness in the case, cannot be put under the rule for the exclusion of witnesses, and the doctrine applied, although the parties are numerous."

Some of the cases support the doctrine that the proper rule is that where a defendant is to be called as a witness, he must be first called while the other witnesses are excluded. This would seem to be wholesome. The advantage of the exclusion of witnesses is thereby obtained and the disadvantage of the exclusion of a party in interest does not occur, since there can be no reason for the exclusion of the defendant after he has given his testimony. In the case under consideration, the plaintiff's attorney having secured, by his own motion, the exclusion of the defendant from the trial of the case he cannot cast the burden of the mistake upon his adversary, who did not first call the defendant. The plaintiff secured the exclusion of the defendant from the court room and that he was not entitled to do. The defendant was

thereby deprived of the right to confer with his counsel and to direct his defense. In this, we think, there was substantial error.

The judgment below is reversed.