The motion for summary judgment will be granted.

FRANK J. PIERCE AND RACHEL PIERCE, PLAINTIFFS, v. DOROTHY ROSS, MARTIN ROSS, HER HUSBAND, ROSE ROSENTHAL AND WALTER ROSENTHAL, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided September 4, 1951.

*Mr. Vincent A. DeMarco,* attorney for plaintiffs (*Mr. Isaac C. Ginsburg* of counsel).

*Mr. David L. Horuvitz,* attorney for defendants Rose Rosenthal and Walter Rosenthal.

*Mr. William Charlton,* attorney for defendants Dorothy Ross and Martin Ross (*Mr. Philip L. Lipman* of counsel).

Woods, A. J. S. C. The court heard counsel on notice for an order to fix time and place to submit to oral examination

by plaintiffs' attorneys, to be examined separately and out of the presence of others, but in the presence of counsel, and on the matter of costs incurred by plaintiffs as alleged and by defendants as alleged incident to time set for taking depositions, to wit: August 20, 1951.

The rule invoked by plaintiffs is *Rule* 3:30–2 which reads as follows:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or attorneys, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

Plaintiffs cite *Huber Baking Co. v. Frank C. Sparks Co., et al.*, 76 *A.* 2d 124 (*Super. Ct. Del.* 1950). There the plaintiff appeared by counsel with four employees. One of these was the foreman for a building construction job on which the other three employees were working. The defendants by counsel were particularly desirous of getting the foreman's testimony separate and out of the presence of the three other employees. Plaintiff objected. The court remarked: "As far as can be ascertained the question * * * is one of first impression." And further: "Moreover, although the conditions set forth in the Rule under which protective orders may be obtained are obviously largely for the benefit of the deponent, yet it is further provided that an order may be entered requiring that '* * * the examination shall be held with no one present except the parties to the action and their

officers or counsel * * *.'" The judge ruled for the defendants, citing 4 *Moore, Federal Rules* 2023, and *volume* 4 on *Forms, p.* 338, in this quotation: "The language of *Rule* 30(*b*) would seem to permit the party taking the deposition to move for a private hearing. This is probably the only case in which the party taking the deposition would make a motion under *Rule* 30(*b*)."

It is to be observed that *Rules* 26 and 30(*b*) of the Superior Court of Delaware are identical with *Rules of Civil Procedure* 26 and 30(*b*), 28 *U. S. C. A.* Also, see footnote 2 in this reported case at *page* 125.

In the instant case there is a distinguishing feature. The Delaware case applied the rule to witnesses for the plaintiff. We note, however, that *Rule* 3:30–2 of our court and *Federal Rule* 30(*b*) are identical and that an order may be entered requiring "that the examination shall be held with *no one present except the parties to the action* and *their officers or counsel.*" (Italics ours.) To our way of thinking "parties" are not in the same category as "employees" or witnesses other than parties. This exception, we think, declares a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by *Rule* 3:26.

Order requested is denied.

Costs to abide the outcome of the suit.