65 N.J. Super. 585 (1961)
168 A.2d 273
IN THE MATTER OF THE ESTATE OF JOHN GAREY, DECEASED.
Superior Court of New Jersey, Union County Court, Probate Division.
Decided February 7, 1961.
*586 Mr. Jay F. Dailey, attorney for movants.
Messrs. Schreiber, Lancaster & Demos (Mr. John W. Hayden, Jr., appearing), attorneys for executors.
FELLER, J.C.C.
On November 24, 1955, John Garey died testate in Elizabeth, New Jersey. His will was admitted to probate on December 5 of that year and the executors, Carlton R. Garey and John R. Garey, named by him duly received letters testamentary on that date. Pursuant to R.R. 4:105-2, four of the decedent's daughters by a complaint filed June 17, 1960 instituted an action for an order to show cause why the executors should not account, no accounting having been previously made. The order issued and on its return date, August 9, 1960, judgment was rendered directing them to account within 45 days. The account was filed October 4, 1960.
For the purpose of inquiring into the conduct of the executors, Jay F. Dailey, Esq., the attorney for the four daughters who are legatees, served a notice on the executors' attorneys to take oral depositions of the executors at his office on October 31, 1960. They appeared on that date but he refused to examine them, insisting that one be excused *587 from the room while the other was being examined. His contention was they were merely witnesses and that under R.R. 4:20-2 examination of them could be had out of the presence of each other. John W. Hayden, Jr., Esq., attorney for the executors, refused to permit this, contending that they were "parties" and that under that same rule parties always have a right to be present when a witness is being examined. Mr. Dailey on November 4, 1960 obtained an order to show cause why an order should not be made directing each executor to be examined in the absence of each other. The attorney for the executors on the other hand served him, apparently on that same day, with a notice to take oral depositions of his four clients at their offices in Newark.
Mr. Dailey thereupon made application for and did obtain an order for the executors to show cause why an order should not be made (a) directing that the depositions of Agnes G. Bethlehem, Marion L. Garey, Margaret S. Dyke and Estelle G. Richardson should not be taken pursuant to notice given in connection therewith, by Schreiber, Lancaster & Demos, Esqs., attorneys for Carlton R. Garey and John R. Garey, dated November 1, 1960, or (b) that the depositions of Agnes G. Bethlehem, Marion L. Garey, Margaret S. Dyke and Estelle G. Richardson be taken only at some designated place other than that stated in the notice, and (1) that the taking of said depositions be at the expense of Carlton R. Garey and John R. Garey; (2) if taken out of the State of New Jersey, that the attendance of counsel for said persons at the place designated for the taking of their depositions be authorized at the expense of said Carlton R. Garey and John R. Garey, or (c) that the taking of said depositions be only on written interrogatories, or (d) if the taking of said depositions be authorized, that the scope of said examination be limited as to such matters as this court shall determine to be proper, and (e) if authorized, such depositions shall be taken only after the completion of the taking of depositions of Carlton R. Garey and John R. Garey, executors.
*588 Briefs were filed and oral argument was heard.
R.R. 4:20-2 reads as follows:

"4:20-2. Orders for the Protection of Parties and Deponents.
After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or attorneys, or that after being sealed the depositions shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."
The first question presented is: Are executors in proceedings arising from an estate accounting "parties," and are they parties to an action? Black's Law Dictionary, 3d ed., page 1329 defines "parties" as follows:
"PARTIES. The persons who take part in the performance of any act, or who are directly interested in any affair, contract, or conveyance, or who are actively concerned in the prosecution and defense of any legal proceeding. U.S. [to Use of Edward Hines Lumber Co.] v. Henderlong, (C.C.) 102 F. 2; Robbins v. Chicago, 4 Wall. [657] 672, 18 L.Ed. 427; Green v. Bogue, 158 U.S. 478, 15 S.Ct. 973 [975], 39 L.Ed. 1061; Hughes v. Jones, 116 N.Y. 67, 22 N.E. 446, 5 L.R.A. 637 [632], 15 Am. St. Rep. 386. See also Party."
A party is "ordinarily one who has or claims an interest in the subject of an action or proceeding instituted to afford some relief to the one who sets the law in motion against another person or persons. Interest, or the claim of interest, is the statutory test as to the right to be a party to legal proceedings almost without exception." Hughes v. *589 Jones, 116 N.Y. 67, 22 N.E. 446, 448 (Ct. App. 1889). New Jersey cases clearly indicate that co-administrators and co-executors are in the eyes of the law one person. The general rule is that several co-administrators or co-executors are in law only one person representing the testator, and acts done by one in reference to the administrations of the testator's goods are deemed the acts of all, inasmuch as they have a joint and entire authority. Shreve v. Joyce, 36 N.J.L. 44 (Sup. Ct. 1872). Furthermore, co-executors and co-administrators must sue and be sued jointly. Dickerson v. Robinson, 6 N.J.L. 195 (Sup. Ct. 1822).
In re Bloomer's Estate, 37 N.J. Super. 85 (App. Div. 1955), is far more in point. This was a proceeding involving an objection of a beneficiary to the allowance of an executor's fee. The matter originally was heard by the County Court in an informal manner and the Appellate Division remanded for a rehearing. In doing so, the court found, at p. 93, "the County Court should find the facts specially and state separately its conclusions of law thereon, pursuant to R.R. 4:53-1. Such procedure is directed `in every contested action tried upon the facts without a jury.' This proceeding is, of course, an `action,' and is so designated in R.R. 4:105 and R.R. 4:106."
In passing on the very point that a party must be allowed to be present at the examination of witnesses, Pierce v. Ross, 15 N.J. Super. 274 (Ch. Div. 1951), discarded Huber Banking Co. v. Frank C. Sparks Co., 6 Terry 525, 45 Del. 525, 76 A.2d 124 (Super. Ct. 1950) (which was relied upon by the legatees herein) as being inapplicable to the matter, for the question in that case was merely whether employees of a party who were being called as witnesses could be examined out of the presence of each other. So, too, the Huber decision has no application to the questions now before this court. R.R. 4:105 and 4:106 dealing respectively with the practice to compel an estate account and practice on settlement of account use the word "action" many times to describe the type of matter before the court.
*590 If the foregoing authorities were dispositive of the manner in which co-executors are to be examined as witnesses by counsel for the four legatees, this court would have no difficulty in directing that they give depositions in the presence of each other. However, our Supreme Court has clearly explained the wide latitude in which an exceptant to an accounting is allowed to examine co-executors. In re Perrone's Estate, 5 N.J. 514 (1950). At page 525, the court said:
"It is next contended by the appellants that the trial court erred in permitting counsel for the exceptants to call Mr. Perrone as a witness and then to examine him as on cross-examination, citing R.S. 2:97-12 [now N.J.S. 2A:81-11]:
`Except as otherwise provided by law, when any party is called as a witness by the adverse party he shall be subject to the same rules as to examination and cross-examination as other witnesses.' [Emphasis supplied]
To our knowledge it has never before been sought to apply the statute to accountings in probate matters and manifestly it is not applicable thereto. An accounting is an administrative proceeding under judicial supervision rather than a suit between parties and every accounting is accordingly entitled in the matter of the estate involved rather than in the names of the executors and exceptants. * * * Wherever the fiduciary relationship exists sound public policy calls for the most searching inquiry into the conduct of the fiduciary and he should not be shielded from such an inquiry by the rules applicable to ordinary actions at law. The traditional practice in this State on accountings is accurately described in 1 Kocher's New Jersey Probate Law and Practice (1916) 666: [Emphasis supplied]
`The practice is for the exceptant to first call the accountant to the stand and examine him as to the matters involved in the exceptions. In such examination, much the same latitude is allowed exceptant as is allowed upon cross-examination in ordinary cases. The accountant is in no sense the exceptant's witness, but is called upon to make full discovery as to his acts and doings in relation to such matters. Thus, an administrator entitled to a distributive share of the personal estate of his intestate may be so examined for the purpose of showing that he or his co-administrator was indebted to the estate. After the examination of accountant by exceptant has been completed, counsel for accountant is permitted to cross-examine him upon the testimony given in what would ordinarily be called his direct examination.'
*591 This view is reaffirmed in later works, 1 Waltzinger, New Jersey Probate Practice (1931) 22; 7 Clapp, New Jersey Practice, Wills and Administration (1950), @ 746; 8 Id., @ 1448, Comment 3. The established practice is salutary and should be adhered to."
In the light of the Perrone decision, therefore, this court orders that Carlton R. Garey and John R. Garey give oral depositions not in the presence of each other.
The next question to be considered is that of oral depositions or answers to interrogatories by the four legatees who have appeared herein by counsel. It can scarcely be denied that they by such conduct have subjected themselves to the jurisdiction of this court. As mere legatees they could not be examined in an ordinary estate accounting action, but since they may and likely will dispute certain payments made or asked to be made from estate funds by one or both of the executors to W.W. Garey, it would be proper to examine these legatees as to any promises or representations they may have made to him.
R.R. 4:20-2, the very rule quoted herein, supra, gives the court wide latitude as to the course to be followed.
It is axiomatic that persons having an interest in an estate can always appear in the hearing on its accounting, but such appearances carry with them certain duties. The four legatees are the ones who through counsel asked that the executors be examined as witnesses out of the presence of each other.
Therefore, it is further ordered that oral depositions of Agnes G. Bethlehem, Marion L. Garey, Margaret S. Dyke and Estelle G. Richardson be taken at a convenient time and place within this county. All travel and other expenses they incur in attending to give such depositions shall be borne by each one of them so incurring such expenses.