Anne Stuckey Stone, plaintiff, appeals from a summary judgment for defendants J. Mac Jones and AmSouth Bank, N.A., as co-executors of the estate of V. Bonneau Murray, Jr., deceased. Stone, in her brief, contends that, as trustee, Murray had imprudently invested trust funds to the detriment of Stone's deceased mother's estate, for which she was co-executor with her sister, Eva Stuckey Stuart.
Eva Seignious Murray, grandmother of appellant Stone, died testate in August 1957. She was survived by three children: two daughters (Elizabeth Murray Timberlake and Eva Murray Stuckey, appellant Stone's mother) and a son (V. Bonneau Murray, Jr.). Eva Murray's will bequeathed one-third of her estate to V. *Page 233 
Bonneau Murray outright, and the remaining two-thirds to V. Bonneau Murray as trustee for Mrs. Timberlake and Mrs. Stuckey (one-third each, respectively) for their lifetimes. At the deaths of the daughters, their living descendants were to receive the remaining assets contained in their respective trust accounts.
Eva Murray Stuckey died in November 1985. She was survived by two daughters, Eva Stuckey Stuart and the appellant, Anne Stuckey Stone, who were both named as co-executors of their mother's estate. Upon Eva Stuckey's death, the trust created by her mother (Eva S. Murray) for her terminated, with the assets to be distributed to her living descendants (daughters Eva Stuart and appellant Stone).
On May 5, 1986, V. Bonneau Murray, Jr., died testate. On May 20, 1986, J. Mac Jones and AmSouth Bank, co-executors under the will, filed the will of Mr. Murray in the Probate Court of Montgomery County, along with waivers signed by each of Mr. Murray's living next of kin — appellant Anne Stuckey Stone, Eva Stuckey Stuart, and Walter B. Timberlake, Jr. — consenting to the probate of the will. On May 26, 1986, the probate court admitted the will to probate and granted letters testamentary to J. Mac Jones and AmSouth Bank.
On November 26, 1986, the last day for filing claims against the Murray estate, appellant Stone filed claims with both the Montgomery County Probate Court and the Montgomery County Circuit Court. The claims were filed after regular business hours; neither claim was verified by the claimant Stone, but by her daughter, and they were later amended to allow Stone to verify them. The claims filed were on behalf of Stone individually and as co-executor of her mother's estate. The other co-executor, Eva Stuckey Stuart, refused to join in the claim brought on behalf of her mother's estate.
On March 13, 1987, the executors for the estate of V. Bonneau Murray, Jr., filed a motion for summary judgment as to each claim. As grounds for summary judgment, the estate stated:
 (1) Stone had executed a release that acts to bar any claim made against the estate.
 (2) Stone's claim as co-executrix was barred by the non-claim statute, specifically § 43-2-352, Ala. Code 1975.
 (3) Stone's claim as co-executrix was barred by laches and/or the applicable statute of limitations.
 (4) Stone's daughter, Dorothy Ruth Cobb, who originally verified the claim, did not have personal knowledge of the claim as required by § 43-2-352, Ala. Code 1975.
 (5) Stone is without authority to file the claim as co-executrix of her mother's estate because the estate's other co-executrix, Eva Stuckey Stuart, neither joins in nor concurs in the filing of the claim.
On May 13, 1987, the circuit court granted summary judgment as to Stone's claim as co-executrix, but denied summary judgment as to Stone's individual claim. Summary judgment was made final pursuant to Rule 54 (b), Ala.R.Civ.P. Stone, as co-executrix, appeals from the summary judgment.
Stone argues 1) that one co-executor of a decedent's estate may assert and prosecute a claim for benefits due the estate without the remaining co-executor's joining in the claim, and 2) that summary judgment was therefore improvidently granted, because there was evidence in the record to support a finding or conclusion that the claim of Anne Stuckey Stone, as co-executrix, would benefit the estate of her mother, Eva Murray Stuckey. We disagree.
The standards for ruling on a motion for summary judgment are well established:
 "`Rule 56, Ala.R.Civ.P., sets forth the two-part standard for granting summary judgment. That rule requires the trial court to determine: (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to judgment as a matter of law. This rule must be read in conjunction with the scintilla rule so that summary judgment will not be granted if there is a scintilla of evidence *Page 234 
supporting the position of the opposing party.'"
Whitehead v. Johnston, 467 So.2d 240 (Ala. 1985), quoting Silkv. Merrill Lynch, Pierce, Fenner Smith, Inc., 437 So.2d 112,114 (Ala. 1983).
The standard of appellate review is, likewise, well settled:
 "On appeal, we look at the materials presented to the trial court and determine for ourselves, in light of the scintilla rule, whether there were any triable issues of fact due to be decided by the jury."
Jarrard v. Nationwide Mut. Ins. Co., 495 So.2d 584, 586 (Ala. 1986).
In discussing the ability of co-executors and co-administrators to exercise their rights and responsibilities in binding the estate through individual rather than joint action, it is generally conceded that such a decision turns upon whether a particular jurisdiction considers the action to be within or without the regular course of administering the estate.
 "Co-executors or co-administrators stand upon equal ground with equal rights and the same responsibilities. They are not liable to each other, but each is liable to the beneficiaries of the estate to the full extent of the assets he receives. They are, in law, only one person representing the decedent, with a joint and entire authority over all the property belonging to the estate. Acts done by one of them in the regular course of administration of the estate, or in regard to the possession, control, or disposition of the estate, are deemed acts of all."
31 Am.Jur.2d, Executors and Administrators § 625 at p. 268 (1967).
 "[T]he rule that one executor may act for all is limited to acts of a ministerial nature and . . . all [executors] must concur in acts involving the exercise of judgment and discretion. . . ."
34 C.J.S. Executors and Administrators § 1042 at p. 1318 (1942).
It is generally held that, under the common law, in actions at law:
 "[A]ll executors named in the will, who are living, must join, although some have refused or omitted to prove the will or administer the estate. If the renouncing executor will not join in the suit, the practice is to issue the writ in his name and then to summon or rule him to proceed, and if he will not, the court will give judgment of severance."
34 C.J.S. Executors and Administrators § 746 at 785 (1942).
In French v. Peters, 177 Mass. 568, 59 N.E. 449 (1901), the court reviewed this general rule while discussing whether one co-executor could appeal an adverse judgment without being joined in the appeal by the other co-executor. The court stated:
 "The doctrine of the common law is that a suit in favor of the estate of a person deceased must be brought in the name of all living executors or administrators, and that, if either of them is unwilling to have the suit prosecuted in his name, the one who has instituted it may, upon a summons, have a judgment of severance, and continue the suit in his own name alone. . . .
 "But, when executors or administrators are joined as defendants, they may plead different pleas, and that plea which is most for the advantage of the testator or the intestate shall be received."
177 Mass. at 572, 59 N.E. at 450. (Citations omitted.)
Other jurisdictions have taken a similar view. The case of Inre George Ringler Co., 127 N.Y.S. 934 (Sup.Ct. 1911), restated the general rule, saying:
 "Co-executors, however numerous, constitute an entity, and are regarded in law as one person, and consequently the acts of any of them in respect to the administration of estates are deemed to be the acts of all; for they have all a joint and entire authority over the whole property. It would seem to follow from this principle that they have the powers of joint and several agents of one principal, and that any action done or performed by one, within the scope and authority of his agency, is a valid exercise of power and binds his associates. *Page 235 
 "But this is limited to acts of a ministerial nature. Acts that call for an exercise of judgment and discretion one of the several cannot do. The concurrence of all is necessary."
127 N.Y.S. at 937. (Citations omitted.)
A New Jersey court was more succinct in stating that "co-executors and co-administrators must sue and be sued jointly." In re Garey's Estate, 65 N.J. Super. 585,168 A.2d 273, 275 (1961).
Although this state has no cases directly on this question, our case law has suggested the answer. In Birmingham TrustNational Bank v. Henley, 371 So.2d 883 (Ala. 1979), cert.denied, Harrison v. Birmingham Trust National Bank,445 U.S. 915, 100 S.Ct. 1273, 63 L.Ed.2d 598 (1980), this Court held:
 "Multiple trustees must act jointly and in concert and may not delegate to each other or to another powers calling for discretion and judgment."
371 So.2d at 894-95. In explaining the rationale behind our holding, this Court stated:
 "It is assumed that a settlor generally appoints more than one trustee because of his desire to attain for the beneficiaries of his trust the benefit of the wisdom of each, and the courts will not, as a general rule, interfere with the exercise of discretionary powers of trustees absent fraud or abuse of discretion."
371 So.2d at 895.
We therefore hold expressly that in cases involving the use of discretion in decisionmaking not within the regular course of administering the deceased's estate, co-executors must act unanimously in reaching those decisions. We further hold that an executor's filing of a lawsuit is discretionary, not ministerial, in nature.
Our decision should not be interpreted, however, to suggest that all avenues of recourse are foreclosed to a co-executor who wishes to file an action on behalf of the estate without the consent of the other co-executor(s). In such a situation, a co-executor might pursue the course suggested in 34 C.J.S.Executors and Administrators, supra, and the Massachusetts case of French v. Peters, supra. That is, a co-executor who wishes to file a suit on behalf of the estate, but is unable to convince the other co-executor(s) to join in the suit, might petition the court to either compel the joinder of the co-executor pursuant to Rule 19, Ala.R.Civ.P., or to dismiss the co-executor from his or her duties through a judgment of severance and allow the lone co-executor to proceed.
We reverse the judgment and remand this cause to the trial court for further proceedings, granting leave to appellant Anne Stuckey Stone to employ one of the procedures set forth in this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.