This case concerns a dispute within the Douglass family over a piece of real property that had been owned by Clara Douglass, the matriarch of the family.
Clara Douglass died in June 1992. She was survived by seven children. Three of her children are involved in this dispute. They are Rejetta Jones, Sandra Douglass, and Phillip Douglass. One granddaughter, Sabrina Douglass, is also a concerned party.
In July 1992 Rejetta submitted to the probate court a holographic document purporting to be her mother's last will and testament. In August 1992 Sandra filed a petition, contesting the validity of the will.
A hearing was held in September 1992. On October 30, 1992, the probate court admitted the will to probate and granted letters testamentary to Rejetta and to Phillip as co-executors.
At issue here is the disposition of the decedent's home. The document admitted to probate contained the following critical clause:
 "When I die my Daughter Rejetta D. Jones and my Granddaughter Sabrina are *Page 941 
to get my House Furniture Rejetta is to get my car My Son Ralph Douglass Jr. and Phillip A. Douglass are to get anything they want from the House."
In January 1993 Rejetta and Sabrina filed an "action for ejectment" to remove Sandra from the home of the decedent. It appears from the record that Sandra moved into her mother's home shortly after her mother's death.
Sandra filed a second will contest and requested that the probate action be removed to circuit court and be joined with the ejectment action. The request was initially granted. Upon the motion of Rejetta and Sabrina, the second will contest was subsequently dismissed.
Following a hearing on the ejectment action, the circuit court awarded possession of the property to Rejetta and Sabrina and ordered Sandra to vacate the premises and to pay reasonable rent for use of the premises. Sandra filed a post-judgment motion, which was denied. She appeals.
Sandra asserts that the judgment of the circuit court must be reversed because Rejetta and Sabrina were not the proper parties to initiate the ejectment action. She alternatively asserts that they made no demonstration of title to the real property.
Rejetta and Sabrina filed the ejectment action as alleged beneficiaries under the will. Beneficiaries under a will have no title until settlement and disbursement of the estate by the executors. An action filed on behalf of the estate must be brought by the executors. Stone v. Jones, 530 So.2d 232
(Ala. 1988). Executors of an estate have entire authority over all the property belonging to the estate until the estate is settled. Stone.
Rejetta skirts this standing hurdle by maintaining that she is a co-executor and therefore a proper party to bring the action. Our supreme court expressly held in Stone that co-executors must act unanimously when filing a lawsuit on behalf of the estate. Although Rejetta testified that her brother and co-executor, Phillip, concurred in the action, he was not a party to the action. Phillip's "Concurrence in Action" plea was filed after the hearing on the matter and after the circuit court had entered its order. Phillip's plea came too late to satisfy the requisites of Stone. As beneficiaries, Rejetta and Sabrina did not have standing to bring the ejectment action. Under these circumstances, Rejetta also lacked the authority to institute the action as a co-executor.
It is a general proposition of law that a prerequisite to recovery in a statutory ejectment action is that it must appear that the plaintiff held title when the suit was commenced and continued to hold title until the time of trial. Mid-State Homes, Inc. v. Moore, 460 So.2d 172
(Ala.Civ.App. 1984). Such a plaintiff generally cannot recover where he or she fails to show title in himself or herself, regardless of whether the defendant's title is valid. Mid-State Homes.
Even if Rejetta and Sabrina had been the proper parties to bring the ejectment action, they failed to prove title. At the hearing they introduced the will and letters testamentary, in an attempt to show title. The critical clause in the will — "[w]hen I die my Daughter Rejetta D. Jones and my Granddaughter Sabrina are to get my House Furniture" — does not on its face show that Rejetta and Sabrina are entitled to the house. They assert in their brief that the probate court construed the will to show such entitlement. Sandra disputes the assertion. Although references are made in the record regarding the prior action, the record does not contain anything from that action demonstrating a construction of the will. The will does not in and of itself support Rejetta and Sabrina's claim of title.
The letters testamentary establish to the contrary — that title to the property was in the executors. At the time of the hearing, title and absolute authority over the property of the estate rested with the co-executors.
The circuit court erred in granting Rejetta and Sabrina's petition for ejectment. Its judgment is reversed and the case is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge *Page 942 
of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.