753 A.2d 755

JUAN LOPEZ, PLAINTIFF, v. THE HOUSE OF
COFFEE, INC., ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division
Monmouth County

Decided January 28, 1998.[1]

---

[1] This opinion supersedes an earlier oral opinion.

*Mark F. Hughes*, for plaintiff.

*James M. Siciliano*, for defendants.

CLARKSON S. FISHER, Jr., P.J. Ch.

The Bible reports a proceeding involving two Elders who had accused a young woman named Sussana of infidelity. Their false testimony caused Sussana to be condemned. Hearing this, Daniel intervened and suggested the two Elders testify again, only this time out of each other's presence. They then testified inconsistently as to whether Sussana's alleged indiscretion occurred under a large or small tree. The two Elders were branded liars and Sussana was vindicated. *Book of Daniel,* Chapter 13.

In this action, plaintiff contends that the defendants—his fellow shareholders in a close corporation—have acted oppressively toward him. Plaintiff also claims they have frustrated his discovery of corporate records and that defendants should be sequestered from each other's deposition so that he may obtain their "unvarnished recollections." Even if plaintiff's allegations of discovery abuses are accurate, his request for sequestration must be denied.

Our court rules provide little specification as to when the sequestration of witnesses is appropriate. *R.*4:10–3(e)—which applies to pretrial proceedings—permits the entry of an order that

"discovery be conducted with no one person present except persons designated by the court." *N.J.R.E.* 615—which applies to trials—states that "[a]t the request of a party or on the court's own motion, the court may, in accordance with the law, enter an order sequestering witnesses." These rules obviously imbue the court with discretion in ruling upon such an application, but provide little guidance as to how that discretion should be exercised.

Professor Wigmore once wrote that along with cross-examination, the sequestration of witnesses is "one of the greatest engines that the skilled man has ever invented for the detection of liars in a court of justice." 6 Wigmore, *Evidence* (Chadbourne Rev.1976) § 1838. Long ago, a New Jersey court observed that "[w]e have often made rules ... to prevent [witnesses] hearing what the other witnesses detail in their evidence, for the less a witness hears of another's testimony the more likely is he to declare his own knowledge simply and unbiased." *State v. Zellers*, 7 *N.J.L.* 220, 226 (Sup.Ct.1824). Certainly, as a general rule, it is more likely that the court will receive, true or not, a witness's *own* testimony if the witness is not permitted to listen to the testimony of others.

■ But the sequestering of *a party* is a matter which requires the consideration of other significant competing interests. Professor Wigmore succinctly described those concerns:

[The] danger of an attempt to falsify testimony and the utility of sequestration to expose it are most emphatic for a party who is a prospective witness. On the other hand, the party's aid in the conduct of the cause may be indispensable, and his absence is in any case hardly consistent with his general right to protect his interests by watching the conduct of the trial.

Wigmore, *supra*, § 1841 (cited with approval in *Morton Bldgs., Inc. v. Rezultz, Inc.*, 127 *N.J.* 227, 233, 603 *A.*2d 946 (1992)). Clearly, then, the proper exercise of the discretion to sequester must encompass not only the context in which the request arises but also whether it is *a party* whose sequestration is sought. For example, a refusal to sequester *non-party* witnesses at a criminal trial without an adequate basis constitutes reversible error. *State*

*v. DiModica*, 40 *N.J.* 404, 413, 192 *A.*2d 825 (1963). But our Supreme Court has also held that this discretion is erroneously exercised when *a party* is sequestered from the trial of a civil action.[2] *Morton, supra,* 127 *N.J.* at 235–236, 603 *A.*2d 946 (where the court held it was error—albeit harmless—to exclude a corporate party's representative at trial); *see also, Smillie v. Lerner,* 10 *N.J.Misc.* 484, 485, 159 *A.* 808 (Sup.Ct.1932) ("it is settled that a party to an action . . . who is a witness in the case, cannot be [sequestered] . . . although the parties are numerous").

Here, contrary to the philosophy of *Morton,* plaintiff seeks to bar the individual defendants from each other's deposition, and contends he is supported by *In re Garey's Estate,* 65 *N.J.Super.* 585, 168 *A.*2d 273 (Co.Ct.1961) and *In re General Election of Maplewood,* 255 *N.J.Super.* 690, 605 *A.*2d 1164 (Law Div.1992). In the former, the court sequestered co-executors during a trial questioning their accounting and, in the latter, contestants in an election were sequestered. It may be that the particular nature of those actions would allow for the sound exercise of discretion in that fashion. However, to the extent that either court was suggesting a more general rule for the sequestering of *parties* during a civil trial, this court chooses not to follow and, in fact, would suggest that any broad rule which *Garey* or *Maplewood* sought to create has already been rejected by our Supreme Court in *Morton.*[3]

This case differs from *Morton* only in that plaintiff seeks sequestration of the defendants at their pretrial depositions and not at trial. The issue also turns not on *N.J.R.E.* 615 as in *Morton* but on *R.*4:10–3(e). These two rules, while worded differently, are nevertheless similar in spirit since they were both

---

[2] Obviously for Sixth and Fourteenth Amendment reasons alone, a criminal defendant cannot be sequestered. *Morton, supra,* 127 *N.J.* at 233, 603 *A.*2d 946.

[3] Inexplicably, the *Maplewood* court acknowledged that *Morton* was decided "after this decision." 255 *N.J.Super.* at 734 n. 4, 605 *A.*2d 1164. But no attempt was made to either conform the decision to *Morton* or distinguish it.

crafted with broad and general terms. In fact, the commentary to our court rules suggests that *N.J.R.E.* 615 and *R.*4:10–3(e) should be applied in the same manner. *See,* Pressler, *New Jersey Court Rules* (1998 ed.), Comment to *R.*4:10–3(e) at p. 1150 ("The purpose of the [current version of the rule] was to conform the standards for what is essentially witness sequestration with the standards applicable to the trial itself"). Accordingly, *Morton's* determination that *N.J.R.E.* 615 bars the sequestration of parties from a civil trial should apply with equal force to all significant pretrial discovery stages, and this court so holds.

This rule is centered, for the most part, on the broad use of pretrial depositions which is permitted and occurs at trial. A party for instance, may use the deposition of an adverse party at trial for any reason. *R.*4:16–1(b). Depositions of others may be widely used at trial for many other reasons. *See, e.g., R.*4:16–1(a) and ·(c). A contrary rule—which this court refuses to adopt— would permit a party to be excluded from an essential part of a lawsuit. That would show a lack of regard for a party's right to the assistance of counsel and the importance of that party's right to procedural due process. No reason appears why the rule which prohibits a natural party from sequestration at trial should not be applied to pretrial depositions [4]. Undoubtedly, the sequestration of witnesses tends to better produce the truth. But our court rules greatly value a party's right to consult with counsel and to be present at all critical stages of a civil action. Except, perhaps, in unusual circumstances not present here [5], there should be no sequestration of natural parties from depositions.

---

[4] This case does not require the court to determine whether corporate representatives could be sequestered from depositions. Certainly, a designated corporate representative, *see, R.*4:14–2(c), should be viewed as a natural party for purposes of sequestration rules, *see, Morton, supra,* 127 *N.J.* at 235, 603 *A.2d* 946. But whether a court may limit the number of corporate representatives at a pretrial deposition is better left to another day.

[5] For example, in one noted case, a self-described "paparazzo", a party to the case, was successfully barred from the deposition of his adversary, Jacqueline

Plaintiff's motion to sequester the defendants from each other's deposition is, therefore, denied.

Kennedy Onassis. However, this was because the trial judge had already entered a temporary restraining order in favor of Mrs. Onassis barring her adversary from being in close proximity to her and because, by that time, he had already been charged with violating it. *Galella v. Onassis,* 487 *F.*2d 986, 997 (2d Cir.1973).